BRUNNER FIRE COMPANY v. T. B. PAYNE.

Decided March 20, 1909.

**1.—Statement of Facts—Correction after Filing—Refusal to Allow Correction—Harmless Error.**

Where the statement of facts was made by the trial judge upon disagreement of counsel, and the same day it was filed counsel for the appellant filed a motion to correct it and asked that the court stenographer be required to present his notes of the testimony and be sworn as to the same, it was the duty of the court to lend all the assistance possible in determining whether there were any errors in the statement of facts and, if there were, to correct the same; and the refusal to consider the motion was grave error which would require a reversal but for the fact that, assuming that the correction asked was made, the evidence still would be such that no judgment could have been rendered other than the one rendered for appellee.

**2.—Assignments of Error—Brief.**

Where assignments of error were addressed to the refusal of the court to entertain a motion to correct the statement of facts, and presented matters involving a grave abuse of judicial discretion, the same were entitled to be considered although not in strict compliance with the rules.

**3.—Bill of Exceptions—Qualification by Judge—Statute.**

The trial judge has no right to qualify a bill of exceptions without the consent of the party presenting it, but should sign the same or, if not correct, endorse his refusal thereon, and then make out and file what he considers a proper bill, leaving the party to his remedy of a bill by by-standers if he is not satisfied. Revised Statutes, art. 1367-8-9.

**4.—Brief—Assignment of Error—Admission of Evidence.**

Where several assignments addressed to rulings of the court in the admission of evidence of certain maps, were presented together, and each presented a different question, and there was no showing thereunder that error was committed or reference to bills of exception, the same could not be considered.

**5.—Same.**

Where the assignment was addressed to the admission of testimony of certain witnesses, and there was no reference thereunder to the testimony objected to or to any bill of exception, the same could not be considered.

**6.—Streets—Dedication—Use by the Public—Acceptance.**

The undisputed evidence being that the owner of the fee dedicated a street fifty feet wide and that the same had been used by the public as a street since such dedication, evidence that the actual use by the public for travel had been confined to a narrow strip in the middle which had been graded and worked, could neither affect the right of the public to use the entire fifty feet whenever it chose, nor the effect or extent of dedication and acceptance. The contention that to preserve its rights to a highway the public must use for the purpose of travel every foot of it, is not sound.

**7.—Limitation—Five Years—Payment of Taxes—Harmless Error.**

Where the plaintiff asserted title from the sovereignty and especially from one who acquired title in 1852, and who, it was alleged, had title under the statutes of limitation of five and ten years, and there was no evidence of payment of taxes by any one except the plaintiff who had never been in actual possession, it was error to submit the issue of title under the statute of limitation of five years, but the plaintiff being otherwise entitled to the judgment on the undisputed evidence, such error was harmless.

**8.—Briefs—Assignment of Error.**

When the grouped assignments of error complain of the refusal of special

charges and are not followed by any statement showing either the form or substance of the charges referred to, the same will not be considered.

**9.—Charge—Undisputed Facts.**

Where the undisputed evidence establishes a fact, it is not error for the court to so instruct the jury.

**10.—Limitation—Charge—Submission of Issue.**

Where the plaintiff claimed to own a lot fronting on a street and sued to abate a nuisance caused by the erection of a wall on such street cutting off his entrance to the lot and thereby rendering it unfit for a home, and on the issue of title to the lot the court instructed that if the jury believed that one of the owners in plaintiff's chain of title had peaceable and adverse possession of the premises, cultivating, using and enjoying the same and claiming against all other persons, they should find for plaintiff on that issue, an objection that under the charge a finding in favor of plaintiff as to such possession required a general finding for him on the whole case, was not tenable.

**11.—Limitation—Ten Years.**

Evidence held sufficient to authorize the court to instruct that title had been shown under the statute of limitation of ten years.

**12.—Nuisance—Abatement—Title.**

In a suit by the owner of premises fronting on a public street to abate a nuisance created by the erection of a wall in the street, he is not required to show such title as would be required to entitle him to recover in an action of trespass to try title.

**13.—Same—Action to Abate—Ownership—Naked Possession.**

Where, in an action to abate a nuisance created by the erection of a wall in a street upon which the premises of the plaintiff fronted and so preventing entrance, the undisputed evidence introduced by plaintiff established title under the ten years statute of limitation in one of his remote vendors, and showed that his premises fronted on a public street as dedicated and accepted, and that the wall interfered with access to and convenient use of his property, he was entitled to maintain the action both by virtue of such title and by virtue of his naked possession, and, there being no evidence in rebuttal except such as tended to show that only a portion of the strip dedicated as the street had ever been used by the public as a highway and this portion did not extend to plaintiff's lot but left a vacancy on which the wall was erected, the court was authorized to instruct a verdict for plaintiff on all the issues in the case.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*A. C. Van Velser,* for appellant.

*Tharp & Whitehead,* for appellee.

REESE, Associate Justice.—T. B. Payne instituted this action against the Brunner Fire Company, a corporation, alleging in his petition that he was the owner of lots 108 and 109 in Magnolia Addition to the city of Houston, holding title from the sovereignty and especially from one Isaac Brashear, who acquired title in 1852 and who had title under the statute of limitations of five and ten years; that lot 108 fronts 148 feet on Patterson Street, a public street, part of said Magnolia Addition, which had been regularly laid off in lots and blocks and streets; that he bought in 1894; that plaintiff was about to erect his residence on said two lots for the purpose of making his

home there, when defendants constructed a building twenty feet high and forty feet long and extending along Patterson Street, in the street, and within a few feet of said lot 108, thereby cutting off his entrance to said property on Patterson Street and rendering it unfit for a home. Plaintiff prayed that said building be declared a nuisance and be ordered to be removed.

Defendants made general denial, and specially denied plaintiff's ownership of the lots; that they adjoined Patterson Street or the premises upon which the building, which was a fire station, was erected, or that there is a lot numbered 108 or 109 in Magnolia Addition. Further, it was denied that the building was in Patterson Street, or that it interfered with plaintiff's use and enjoyment of his property. Much other matter was set out in the answer which is not material to the case as presented on this appeal.

Upon trial with a jury there was a verdict for plaintiff, upon which judgment was rendered declaring the building a nuisance and ordering its removal. From the judgment, its motion for a new trial having been overruled, defendant appeals.

It is proper that we should, *in limine*, dispose of the matters urged in the twenty-fourth, twenty-fifth and twenty-sixth assignments of error, which relate to the alleged refusal of the trial court to hear and consider appellant's motion to correct the statement of facts and to correct the same, and the matters connected therewith. The corrections which it is claimed should have been made are set out in the twenty-sixth assignment.

The statement of facts in the record is certified by the District Judge as a correct statement made by him upon disagreement of counsel. On the same day it was filed, which was the last day allowed, appellant's counsel filed with the court a motion to correct the same, and asked also that the court stenographer be required to present his notes of the testimony and be sworn as to the same. The court refused to consider the motion or to allow the stenographer to be sworn in support thereof, and refused to sign appellant's bill of exceptions to such action. This action is shown by bills of exception in the record signed by bystanders under the statute. No attempt is made by appellee in the brief filed by his counsel to explain or deny the matters set out in these assignments, or to rebut the statements in the bystanders' bills of exceptions. He objects to their consideration for violation of the rules in their preparation and presentation. The assignments are not strictly in compliance with the rules, but the matters presented involve so grave an abuse of judicial discretion that we are not disposed to pass them by without consideration on this account. Appellant's counsel was confronted with a novel condition, and may be pardoned from a strict compliance with the rules.

We think the court committed grave error in refusing to consider the motion, and in failing to lend appellant's counsel all the assistance possible in determining whether there were any errors in the statement of facts, and if there were, in correcting the same so that it might indubitably present the facts as they were given in evidence. The record suggests that in some respects the statement of facts does not do this. It was at least incumbent upon appellee, notwithstanding

the violation of the rules in these assignments of error, to have endeavored in his brief to make some denial or explanation of the matters set up in the assignments and motion if they were not true. In the interest of fairness and a proper administration of justice, we would reverse the judgment and remand the case for a new trial but for the fact that, assuming that the statement of facts should be corrected as claimed by appellant and considering such corrections as made, the evidence still would be such that no judgment could have been rendered other than the one that was rendered. Upon the undisputed evidence the court would have been authorized to instruct a verdict for appellee. In this state of the record it would not be proper to remand the case for a new trial.

Appellant complains further, in the twenty-seventh assignment of error, of the refusal of the court to settle his eighth bill of exceptions in the form in which it was presented, and in qualifying the same. In the absence of something in the way of a bill of exceptions signed by the judge or bystanders, under the statute, we can not say that the qualification of the bill by the court was not done with consent of appellant. Without such consent the judge had no right to qualify the bill, but should have either signed it or, if not correct, should have endorsed his refusal to do so, and should then have made out and filed what he considered a proper bill, leaving appellant to his remedy of a bill by bystanders, under the statute, if he was not satisfied with such bill. The statute (articles 1367, 1368, 1369) prescribes very clearly the duty of the judge and the rights of litigants in such cases, and should be observed.

Taking up the other assignments of error in the order in which they are presented, the first, second, third and fourth assignments are addressed to the action of the court in the admission in evidence of certain maps or plats. These assignments are all presented together in a group. Each of them present a different question. What propositions there are are presented as under the four assignments. The statements under the proposition are altogether insufficient to show that error was committed, and, finally, it is not suggested in either the assignments, the propositions, or any of the statements thereunder, or in the argument upon the propositions, that any bill of exceptions to any of the rulings complained of was taken. No reference is made to any bill of exceptions, without which the error, if any, would not be revised. The assignments will not be considered.

The fifth and sixth assignments of error complain also of the admission of the testimony of certain witnesses. No bill of exceptions is referred to in the assignments, propositions, statement or argument. The statement does not show or even refer to the evidence objected to. It is not suggested that the ruling of the court was excepted to or any bill of exceptions taken. The assignments will not be considered.

The seventh and eighth assignments of error, presented together, are addressed to the refusal of the court to give two special charges requested by appellant. The general nature of these charges is only vaguely suggested by the assignments. The charges are not set out, either in substance or form, in either the assignments, propositions, statements or arguments. It appears probable from the brief that

they were upon the issue of dedication of Patterson Street. If we are correct in this, the assignments, if considered, are without merit. The undisputed evidence shows that when Colby laid out and platted Magnolia Addition, in 1888, he laid out a 50-foot street along one side of the addition, and named it Patterson Street. It was so laid out for a public street, and has been used by the public as a public highway or street ever since. The evidence of dedication by Colby and acceptance and use by the public is complete and is undisputed. A plat showing the division into lots, blocks and streets was at once recorded. Appellant undertook to prove by certain witnesses that the actual use of the ground so laid out as a street, by the public for purposes of travel, has been confined to a comparatively narrow space, near the middle of this street, which has been graded and used, and that part of this ground on which the fire-house is erected has never been so used for travel, and "does not belong to anybody," and lies between appellee's lots and the street. This is the sum and substance of the evidence tending to rebut the evidence of dedication and use as a street of the ground next to appellee's lots. It does not raise an issue as to such dedication and use. If Colby laid out a 50-foot street and dedicated it as a public highway, and this is shown by the undisputed evidence, and the public confined its actual use for purposes of travel to a narrow portion of said 50 feet, grading and working it for that purpose, which is the extent of appellant's evidence, this would not affect the right of the public to use the entire 50 feet whenever it chose, nor the effect or extent of dedication and acceptance. The effect of appellant's contention is that to preserve its rights to a highway, the public must use for purposes of travel every foot of it. This is not the law. Probably it was not necessary to grade, work or build bridges across the entire width of the dedicated strip. It appears that when the town of Brunner was laid off, adjoining the Magnolia Addition, a strip 25 feet wide alongside of Patterson Street was left for a street, increasing the width of Patterson Street to 75 feet. The evidence indicates that the graded and used roadway covers a part of the 50-foot strip and a part of the 25 feet added on the Brunner side. If appellant's contention that the portion not graded and used had never been accepted as a street be sound, the result would be that the ground on which the building is erected would belong to appellee as a part of his lot abutting thereon. There was no issue of complete dedication and acceptance by long use by the public of the entire 50-foot strip called Patterson Street.

We are inclined to think that the evidence did not present the issue of title in appellee under the statute of limitations of five years, as set out in assignments of error nine to eleven. There was no evidence of payment of taxes by any one except appellee, who has never been in actual possession. The assignments will have to be sustained, but for reasons hereafter shown this does not require a reversal of the judgment.

The thirteenth assignment is not followed by any statement from the record and will not be considered. It appears, however, to be entirely without merit.

The thirteenth, fifteenth and sixteenth assignments, presented to-

,gether, complain of the refusal of special charges requested, and of the court's charge. They are not accompanied by any statement showing, either in form or substance, the charges referred to. We can only conjecture, in a general way, what they relate to. This is not sufficient to require a consideration of the assignments.

The court did not charge that plaintiff had shown a record title down to himself, but that he had shown such title from Isaac Brashear to himself. There was no error in this. Where the undisputed evidence establishes a fact, it is not in error for the court to so instruct the jury. The seventeenth assignment of error presenting this objection to the charge of the court is without merit.

The eighteenth assignment does not present reversible error. The court, on the issue of title, charged the jury that, if they believed from the evidence that Isaac Brashear, one of the owners in appellee's chain of title, had ten years' peaceable and adverse possession of the premises, cultivating, using and enjoying the same and claiming the same against all other persons, they should find for plaintiff "on this issue," that is, the issue of title. The other issues, as to location of the lots and the existence of the street contiguous thereto, were submitted in other portions of the charge. Appellant's objection to the charge, that, under it, a finding in favor of appellee as to the ten years' adverse possession by Brashear required a general finding for plaintiff on the whole case, is not tenable. Nor can the objection be sustained that the evidence did not raise the issue of such adverse possession. In fact, the evidence on this point is not disputed, and shows that Isaac Brashear bought from Richard Rutledge in 1852, 50 acres of lot 23, block 3, of the Hollingsworth survey of the John Austin league; that about that date he built a residence on this tract and resided on the same more than ten years thereafter, and that the lots in question, which came by consecutive conveyance to appellee, were a part of this 50 acres out of said lot 23 of the Hollingsworth survey aforesaid. Upon the issue of title, as well as upon all other issues on the case, the court might very well have instructed a verdict for appellee. The eighteenth assignment is overruled. The other assignments and the propositions thereunder are overruled without further discussion. They present no reversible error.

There was no evidence introduced by appellant to rebut the evidence of appellee except such as tended to show that only a portion of the 50-foot strip dedicated as Patterson Street has ever been graded or used as a highway by the public, and that this used portion did not extend to appellee's lots, but there was a vacant strip between upon which the fire-house was erected. Otherwise the evidence introduced by appellee was undisputed and showed, on the issue of title, that Brashear bought in 1852 fifty acres of land on which he then settled and upon which he continued to reside with his family for more than ten years; that in the partition of his estate this land, or a part of it, was set apart to his daughter, Mrs. Jones, who sold it in 1887 to the Ohio Woolgrowing Company, who in turn, in 1888, sold and conveyed to F. W. Colby. That Colby had it divided and platted into lots and blocks and streets, as Magnolia Addition, in 1888, laying off Patterson Street as a public street, and having the plat duly recorded;

that appellee's lots are a part of this Magnolia Addition, and by a regular chain of mesne conveyances have come down to appellee, who bought in 1894. Upon this evidence, both by virtue of Brashear's ten years' adverse possession, use and enjoyment, and by virtue of his naked possession alone, appellant showing no right, appellee was entitled to maintain this action. (Boyd v. Miller, 22 Texas Civ. App., 165.) He was not required, we think, to show such title as would have been required to entitle him to recover in an action of trespass to try title. (Ft. Worth & N. O. Ry. v. Wallace, 74 Texas, 581; Western U. Tel. Co. v. Wofford, 42 S. W., 12; Pacific Ex. Co. v. Dunn, 81 Texas, 86; Linard v. Crossland, 10 Texas, 461.)

Upon the other issues the evidence is equally conclusive in showing the existence of Patterson Street as a public highway; that appellee's lot abuts thereon, and that the fire-house interferes with appellee's access to and convenient use of his property. Without any of the maps or plats introduced in evidence, the testimony of Stimson, Kellum and Hudson shows conclusively the location of the lot with reference to Patterson Street. The evidence was of such a character as to authorize a peremptory instruction to the jury to return a verdict for plaintiff, and in such case the errors committed by the trial court do not require a reversal of the judgment. So, the assigned errors not considered would not, if considered and sustained, authorize a reversal. The judgment is therefore affirmed.

*Affirmed.*