**Manuel KING, Individually and d/b/a All Pets Center, Appellant,**

v.

**Aurelio ATAYDE, Appellee.**

**No. 360.**

Court of Civil Appeals of Texas.

Corpus Christi.

April 25, 1968.

Rehearing Denied May 16, 1968.

Heath & Robinson, Bob Heath, Houston, for appellant.

Cunningham & Yznaga, Paul Y. Cunningham, Jr., Brownsville, for appellee.

OPINION

GREEN, Chief Justice.

Appellee filed suit seeking specific performance or in the alternative damages for the cash market value of a live tamed female elephant. The cause of action is based on a written contract between appellee and appellant which, appellee contends, supplanted and superseded an original oral contract. Trial was had to the court and jury, and based upon the single special issue submitted judgment was rendered allowing recovery by appellee from appellant of the sum of $3,500.00. This appeal is from such judgment.

The written contract between the parties, the alleged breach of which is the basis of this suit, is as follows:

---

THE STATE OF TEXAS

COUNTY OF CAMERON

*2/13/67*

THIS AGREEMENT is by and between MANUEL KING, and AURELIO ATAYDE, and is signed this 15th day of June, 1965.

The parties heretofore have had an oral contract, by which Manuel King was to deliver to Aurelio Atayde at San Benito, Cameron County, Texas, two tame elephants to be used for performing in a circus. Manuel King has delivered two elephants, and delivery on one of them has been accepted by Mr. Atayde, but both parties agree the second elephant is wild and will not perform in a circus. It is agreed that Manuel King will deliver a second tame elephant to Mr. Atayde at San Benito, Texas, within *one hundred and twenty (120)* days from date of this agreement, capable of performing in a circus. At that time it is agreed Mr. Atayde will pay Mr. King, the remaining contract price of *Six* Hundred *(600.00)* Dollars, in full and complete payment for both elephants and transportation charges.

It is further agreed that Mr. Atayde has not accepted delivery of the second wild elephant above mentioned, and any damages caused by said elephant shall be the sole responsibility of Mr. Manuel King.

SIGNED this the 15th day of June, 1965.

Witnesses to signatures:

*Pauline Fry*

*Manuel King*
Manuel King,
    Seller

*Margarita Lide Marroquin*

*Aurelio Atayde*
Aurelio Atayde,
    Purchaser

Appellee was the owner and manager of two circuses in the Republic of Mexico. Appellant at all times here concerned was engaged in the pet shop business, and also in importing and buying various wild animals and furnishing or selling same to the circus industry. As consideration for the two tame elephants to be furnished, appellee paid to appellant at the time of entering into the original agreement the total sum of $7,825.00, for which appellant gave appellee his receipt as follows: (We copy the official English translation):

## "TRANSLATION

ALL PETS CENTER
'THE COMPLETE PET SHOP'
5215 Bellaire Blvd., Bellaire, Texas

Mail Address:
P. O. Box 436
Bellaire, Texas  77402

June 9, 1965

Mr. Aurelio Atayde
Atayde Circus
Mexico, D. F., Mexico

| | |
|---|---:|
| 2 (two) Indian female elephants | $7,000.00 Dollars |
| Mr. King's Commission | 500.00 |
| | $7,500.00 |
| Transportation to San Benito, Texas, (approximate) | 725.00 |
| Elephant tender (2 days) | 100.00 |
| | 8,325.00 |
| Received in two advance payments | 7,825.00 |
| Balance due on receipt of animals | $   500.00 Dollars |

/s/ Manuel King

'EVERYTHING FROM A HAMSTER TO AN ELEPHANT' "

---

The written contract of June 15, 1965, accurately sets forth the remainder of the transaction involving these elephants as reflected by the record. Appellee refused to accept one elephant; appellant agreed that this animal was wild, and did not comply with his original contract, and further agreed to deliver to appellee a second tame elephant at San Benito, Texas, within 120 days. The evidence shows that appellee did not hear further from appellant about this transaction, and that no other elephant was ever tendered to appellee by appellant. Appellant, qualifying as an expert as to the value of such animals, testified that the reasonable cash market of a circus trained female elephant in San Benito, Texas, at the times in question would be from $3,500.-00 to $4,000.00. The jury in answer to the sole issue submitted, inquiring as to such reasonable cash market value, found the lesser of such sums.

■ Appellant by his third and fourth points contends that the trial court erred in not permitting him to file his amended answer on the day of the trial, and in not continuing the trial to permit the filing of such amendment. By his tenth point he makes the same contention concerning the

court's refusal to permit him to file a trial amendment at the close of the evidence. We find that appellant has not shown any abuse of the trial court's discretion as to such matters. Rules 63, 66, T.R.C.P.; Morris v. Jones, Tex.Civ.App., 403 S.W.2d 855, wr. ref. n. r. e.; Box v. Associates Investment Company, Tex.Civ.App., 389 S.W.2d 687, n. w. h.; Dyche v. Simmons, Tex.Civ. App., 264 S.W.2d 208, 215, wr. ref. n. r. e. This suit was filed March 3, 1966. Appellant's answer filed April 4, 1966, consisted only of a general denial. When the case was called for trial on the jury docket on February 13, 1967, appellant for the first time tendered for filing his amended answer. Appellee objected to its filing, claiming surprise and stating that the filing of such answer at that time would necessitate a resetting of the case. The court sustained appellee's objections, and placed the parties on trial with their original pleadings. Appellant was obliged subject to the trial court's discretion as provided in Rule 63, to file his amended pleadings not less than seven days prior to trial date. We overrule points 3 and 4.

■ As to appellant's trial amendment, the allegations of which pertained primarily to the original agreement of the parties, we fail to see any harm to plaintiff in the court's action. The suit here, under the pleadings and evidence, concerned in the main the breach by appellant of the written contract of June 15, 1965. The allegations of appellant of no consideration for the contract of June 15th did not conform to the evidence, for in our opinion the evidence reflected as a matter of law that such contract was supported by consideration. The contention of agency pertained primarily to the original agreement. At any rate, we find that the trial court did not abuse his discretion to the detriment of appellant's rights in refusing to grant leave to file such trial amendment, and appellant's tenth point is overruled. Rule 66, T.R. C.P.; Robertson v. Southwestern Bell Telephone Co., Tex.Civ.App., 403 S.W.2d 459, 467, n. w. h.; Beasley v. Baker, Tex.Civ. App., 333 S.W.2d 212, n. w. h.

After the evidence was all in and both parties had closed, the court found as a matter of law that appellant had breached his contract with appellee to deliver the substitute tame elephant, and ruled that the only fact issue remaining was the reasonable cash value of such elephant in San Benito, Texas, on the date delivery should have been made. Appellant duly objected and excepted to such ruling, and submitted a number of special issues which the trial court declined to give. Appellant's remaining points allege error in the court's rulings against appellant in such respects.

■ Appellant in his brief (p. 12) agrees that "This cause of action turns upon the construction to be given a purported contract between Appellant and Appellee." He contends that the contract established an agency relationship authorizing appellant as agent to purchase two tame performing elephants for appellee, his principal, and a number of his requested issues inquired of matters concerning such relationship, as well as lack of consideration for the second contract. Although the rights and duties of the parties to each other were originally created by the original agreement, the contractual obligations of appellant toward appellee here sought to be enforced were definitely set forth and solidified by the written contract of June 15, 1965, which speaks in clear and unambiguous language. Neither the pleadings nor the evidence raised fact issues of lack of consideration or agency to be submitted to the jury.

We have carefully reviewed all of appellant's requested issues, and are of the opinion that for the reason that the fact issues were not raised by either pleadings or evidence, the court did not err in refusing them. We have considered all of appellant's points of error, and find no merit in them. All are overruled.

Judgment affirmed.