**Georgia GROGAN, Appellant,**

v.

**Albert SANTOS, Appellee.**

**No. 1431.**

Court of Civil Appeals of Texas, Tyler.

May 14, 1981.

Weldon McFarland, Tyler, for appellant.
Bill Clark, Tyler, for appellee.

MOORE, Justice.

Plaintiff, Albert Santos, brought this action against Georgia Grogan, defendant, and John Carter, d/b/a Carter Farms Quality Meat, for personal injuries sustained by appellee while in the employ of Carter Farms Quality Meat (Carter Farms), a non-subscriber under the Worker's Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8306 sec. 1. Plaintiff alleged that while employed by Carter Farms in the capacity of foreman of the meat cutting operations in Hawkins, Texas, he slipped and fell on a piece of meat, and as a result of the fall separated his left shoulder. He alleged that Carter Farms was negligent in its failure to provide a safe place to work, to promulgate and enforce reasonable safety rules and to warn appellee of the hazards incident to the work necessary to be performed on the job. He further pled that Carter Farms, while eligible to do so, failed to carry worker's compensation insurance.

Georgia Grogan answered with a general denial and specially denied that she was a partner with John Carter or was doing business as Carter Farms Quality Meat. Appellant, however, failed to verify her denial of

partnership. John Carter, the other defendant below, failed to answer and a default judgment was entered as to him.

At the time of trial, after both parties had announced ready for trial, plaintiff filed a motion for partial judgment against appellant seeking to have the court find that defendant was, as a matter of law, a partner in the business of Carter Farms. The motion was based upon defendant's failure to verify her denial of partnership as required by Tex.R.Civ.P. 93. Thereupon defendant filed a motion to withdraw her announcement of ready and a motion to amend her answer so as to verify her denial of partnership. She also moved for a continuance. The trial court granted the plaintiff's motion for partial judgment finding that the issue of partnership would be deemed to have been admitted and denied defendant's motions.

The cause was tried before a jury. In response to the special issues, the jury found that Albert Santos, plaintiff, suffered an injury in the course and scope of his employment; that Carter Farms failed to provide a safe place to work; that Carter Farms failed to promulgate and enforce reasonable safety rules as a business using ordinary care would have done and that such failure was a proximate cause of the injury. The jury further found that appellee sustained damages in the amount of $3,000 for physical pain and mental anguish in the past, $18,000 for physical pain and mental anguish in the future, and $206 for reasonable and necessary medical expenses and hospital care. In accordance with the verdict, the trial court entered judgment for Albert Santos in the amount of $21,-206.00, from which judgment Georgia Grogan only perfected this appeal.

■ Appellant in her brief seeks a reversal by nine points of error but has seen fit not to give any supporting argument and authority under points numbers, 1, 2, 4, 5 and 7. Those points are thus not preserved and are therefore waived. Tex.R.Civ.P. 418 (Vernon Supp. 1980); *Cleaver v. Dresser Industries*, 570 S.W.2d 479 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Our discus-

sion will therefore be confined to the points of error properly preserved.

Under her third point of error appellant contends that the trial court erred in overruling her motion to withdraw her announcement of ready, her motion to amend her answer, and her motion for continuance. As pointed out above, these motions were made immediately before the trial court granted appellee's motion for partial judgment based upon appellant's failure to verify her denial of partnership in the business of Carter Farms. Appellant does not urge on appeal that the trial court erred in granting the motion for partial judgment deeming that the issue of partnership to have been admitted because the issue was not denied under oath.

We are not in accord with the contention that the trial court erred in refusing to allow appellant to withdraw her announcement of ready or in refusing to allow her to file a trial amendment denying, under oath, that she was a partner in Carter Farms.

■ The failure to verify a denial of partnership results in an admission of its existence, and it cannot properly be contradicted at trial. *Sims v. Hill*, 567 S.W.2d 912 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

■ The matter of whether to permit the filing of a trial amendment is addressed to the sound discretion of the trial court and his order will not be disturbed unless it clearly amounts to an abuse of discretion. *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605 (1948).

■ The record shows that appellee's petition was filed in September 1977 and appellant's unverified answer was filed in October 1977. Trial commenced on February 19, 1980. It was not until the parties had announced ready for trial that appellant requested leave to file her verified amended answer denying partnership. Since appellant had not filed a verified amended answer within seven days prior to the time the case was set for trial, appellee was authorized to prepare his case and summon his

witnesses upon the theory that the partnership would be an admitted fact in the case. As counsel for appellee pointed out to the trial court, to allow the amendment after the trial commenced would place him in an embarrassing position.

It seems clear to us that the trial court was justified in concluding that to allow the filing of the trial amendment at such late date might prejudice appellee. Counsel for appellee had a right to assume that the case made by the pleadings was the case and only case he would be required to prove. *Westinghouse Electric Corp. v. Pierce*, 153 Tex. 527, 271 S.W.2d 422 (1954). To allow the trial amendment would be to place appellee in the position of having to secure proof of partnership after the trial had started and would thus probably interfere with the orderly progress of the court's docket. Under the circumstances, we find that the trial court did not abuse its discretion in refusing to allow the filing of the trial amendment.

■ We find no merit in appellant's contention that the trial court erred in overruling her motion for continuance. Appellant was obliged, subject to the trial court's discretion as provided in Tex.R.Civ.P. 63, to file her amended pleadings not less than seven days prior to the trial date. *King v. Atayde*, 428 S.W.2d 148 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.). Appellant's third point is in all things overruled.

By her sixth point of error appellant complains of the trial court's inclusion within the court's charge the following instruction:

> You are instructed that in arriving at your verdict, you shall not consider any of the following: (1) That Albert Santos had assumed the risk of the injury incident to his employment; (2) That Albert Santos was guilty of negligence; (3) That the injury was caused by the negligence of a fellow employee.

Since appellant was not a subscriber to worker's compensation insurance, appellant was prevented from raising these defenses pursuant to Tex.Rev.Civ.Stat.Ann. art. 8306, sec. 1. Appellant maintains, however, that the foregoing instruction amounts to a comment on the weight of the evidence. We are not in accord with this contention.

The court's charge included special issues inquiring whether Carter Farms was negligent in providing a safe place to work, in promulgating and enforcing reasonable safety rules and in warning appellee of the hazards incident to the work necessary to be performed on his job. As can be seen, the issues considered by the jury inquired into whether Carter Farms was negligent in its duties as an employer.

■ In order for an instruction to constitute a comment on the weight of the evidence, it must be worded so as to indicate an opinion by the trial court as to the verity of the fact or facts in inquiry. *Davis v. Thompson*, 581 S.W.2d 282 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.). In this case the instruction does not indicate any opinion by the trial court as to whether Carter Farms was negligent in its duty as an employer. The instruction merely states what the jury may not consider in its determination of whether Carter Farms was negligent.

In her eighth point, appellant argues that there was no evidence or insufficient evidence to support the jury's finding of physical pain and mental anguish in the future. In the alternative, appellant contends that the jury awarded too much for mental anguish in the future. We are of the opinion that this point should be overruled.

■ The evidence shows that appellee, as well as his wife and the treating physician, all testified that he would continue to suffer pain in the future as a result of the injury he sustained. We hold that this testimony constitutes some evidence to support the jury's finding and further hold that the evidence is not insufficient.

■ In regard to the amount the jury awarded for future physical pain and mental anguish, it is well settled that the amount of damages to which a party is entitled is primarily within the discretion of the jury. "In the absence of a showing that

passion, prejudice or other improper motive influenced the jury, the amount assessed by them will not be set aside as excessive." *Green v. Hale,* 590 S.W.2d 231, 235 (Tex.Civ. App.—Tyler 1979, no writ). We find nothing in the record showing that the jury may have been influenced by improper motives. Consequently, the amount of the award does not amount to reversible error.

Appellant, by way of her final point of error, contends that the trial court erred in overruling her motion for new trial based, upon improper closing argument of appellee's counsel. It is argued that appellee's final closing argument amounts to a comment on the failure of appellant to call as witnesses George Grogan and John Carter, the other two partners in Carter Farms Quality Meats, and is therefore improper because they were equally available to both parties.

The argument objected to is as follows:

Well, they want to talk for a minute about concern, and about parties and who was brought and who wasn't brought. Two partners in Carter Farms that didn't care enough to come. Now, ---

MR. GALLOWAY: Your Honor, plaintiff has not sued Dr. Grogan and for him to say that he didn't care enough to come is outside the privy of any testimony that has been introduced. I am going to object to it. Ask the Court to instruct counsel not the enter into any argument in regard to that and to instruct the jury concerning that.

THE COURT: The objection will be sustained. I will instruct counsel that this is the line of—

MR. CLARK: Your Honor, may I—

THE COURT: —the statement to the jury, the objection is sustained. I will instruct the jury not to consider it for any purpose and I will ask you to rephrase your closing argument.

MR. CLARK: Your Honor, I want to argue to the jury that they did not call either partner in Carter Farms partnership. Am I prohibited from doing that?

THE COURT: Counsel I will ask you to proceed with your argument.

MR. CLARK: My statement to you, Ladies and Gentlemen, it is of significance to me and I feel it should be of significance to you that two of the parties, two of the partners in the business being sued, did not care to come to the trial. They are partners right along with Mrs. Grogan. Now, what does that mean to you about concern? Why wasn't the partner, Mr. Grogan, concerned enough to come over here just a couple of days and sit in? Why not? They may not take the lawsuit maybe as seriously as Mr. Galloway wants you to think.

■ Comments by counsel during oral argument of the failure on the part of the other party to produce a witness in a civil action is generally improper if the witness is equally available to both parties. *Sanders v. St. Paul Fire & Marine Ins. Co.,* 429 S.W.2d 516 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.); 56 Tex.Jur.2d Trial sec. 264, p. 604.

■ As we view the record, the foregoing rule relied on by appellant is clearly not applicable in this case. In the first place, the above-quoted argument does not amount to a comment on the failure of appellant to produce a witness. Secondly, the records fails to show that appellant objected to the argument on the ground that it constituted a comment on her failure to produce a witness. Appellant objected to it solely on the ground that counsel was not permitted to comment on the fact that Dr. Grogan and Mr. Carter were not concerned enough to attend the trial. Since the record fails to show that appellant leveled any objection in the trial court on the ground that the argument amounted to a comment on her failure to produce a witness, the error complained of is without foundation, and therefore nothing is presented for appellate review.

■ The record shows that the only objection made by appellant was that opposing counsel should not be permitted to comment on the fact that Dr. Grogan and Mr. Carter were not concerned enough to attend the trial. The trial court sustained the

objection. While the record shows that counsel again commented on the fact that Dr. Grogan and Mr. Carter were not concerned enough to attend the trial, appellant does not complain of such comments or attempt to demonstrate such argument was in any way harmful. Consequently, any complaint of the argument in this regard is waived. Appellant's ninth point is overruled.

Judgment of the trial court is affirmed.