Fred D. STEINBERGER, et ux., Appellant,

v.

ARCHER COUNTY, Texas, Appellee.

No. 18475.

Court of Appeals of Texas, Fort Worth.

Sept. 17, 1981.

Banner, McIntosh & Dobbs, and Ed McIntosh, Wichita Falls, Harvey & Russell, Archer City, for appellant.

Sherrill & Pace, and Lonny D. Morrison, Wichita Falls, Paul O. Wylie, County Atty., Archer City, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is an encroachment case. Archer County brought suit against Fred D. and Georgia Steinberger seeking a mandatory injunction compelling removal of a fence from the right-of-way and a permanent injunction against further encroachment thereon, contending that fences constructed within its right-of-way constitute a nuisance to the public and should be abated. Following a trial by jury, the trial court rendered judgment in favor of Archer County.

We affirm.

This suit arose out of a dispute over the location of the boundary of a roadway easement. The Steinbergers, appellants, are the owners of a 161.40 acre tract of land situated in Archer County, Texas. Reserved from a 1908 deed, a conveyance in the chain of title under which the appellants claim title, was a strip of land 30 feet wide off the east and south sides and a strip of land 40 feet wide off the west side of the Steinberger tract. The reserved land was expressly dedicated to and appropriated for road purposes.

Based upon the location of an old fence row which had existed for 30 to 60 years, Archer County initially claimed that a new fence being constructed by the adjoining landowners, the Steinbergers, extended from eight inches (8″ to three feet (3′) into the right-of-way. Later, after having a survey run, the county expanded its claim and contended that the old fence line itself was in error and that the encroachment was actually eleven (11) to fourteen (14) feet along one boundary and one (1) to two (2) feet along another. Archer County presented the testimony of a surveyor to support its contentions relative to the new boundary line. Appellants, the Steinbergers, presented the testimony of a surveyor whose opinion was that neither the original fence line or the present fence infringed upon the right-of-way. The two surveyors used different approaches and methods in conducting their respective surveys; however, it is undisputed that each surveyor employed accepted surveying methods and techniques. It is significant to note that only Probst, the surveyor employed by Archer County, actually located on the ground the strips of land in question.

The court submitted to the jury basically two questions as to the thirty (30′) foot and forty (40′) foot areas constituting the right-of-way: First, whether the fence encroaches upon the right-of-way on the south and west sides of the Steinberger tract and, second, conditioned upon affirmative findings, the extent of such encroachment. Based upon the jury's answers to special issues, the trial court rendered judgment for the County.

This appeal is brought on three points of error challenging the charge to the jury and the appropriateness of the court's response to the jurors' request during their deliberation to have read to them parts of the testimony.

By their first point of error, appellants contend that the trial court erred in failing to submit to the jury certain requested instructions setting forth statements of legal principles to be used by the jury in construing surveys and determining boundaries.

Appellants specifically submitted the following requested instructions individually and separately;

"You are instructed in that determining the proper and true locations and boundaries in question in this suit, you shall apply the following rule of rules of construction."

(After the preceding general instruction, the following individual and specific instructions were requested.)

1. "The primary purpose in locating a true boundary is to determine where on the ground the original surveyor or grantor ran the line.

2. "Where there is an actual survey, the inquiry is not where the line ought to have been but where in fact it was located. The footsteps of the surveyor must be followed, if ascertainable, in locating the lines, and to the extent

to which they can be found, and identified, they control even though they are not in harmony with survey calls, i. e. courses or distances stated in the survey or plat.

3. "Where the footsteps of the surveyor who originally surveyed the boundary in question can be followed, the quantity called for by deed becomes of no consequences.

4. "Lines actually run and marked or corners actually established on the ground will prevail over calls for distances and/or for quantity, i. e. stated acreages.

5. "Where no calls, distances stated in a plat or survey, exists other than for the lines of adjoining surveys, the lines should follow the surveys as they were actually located on the ground not as they are supposed to have been."

Tex.R.Civ.P. 277 provides in part:

"In submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict . . . ."

█ Clearly the trial court has considerable discretion under Rule 277 in deciding what instructions, if any, are necessary and proper. See *Mobil Chemical Co. v. Bell*, 517 S.W.2d 245 (Tex.1974); *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481, 484 (1943). "Proper" instructions are those which aid the jury in answering the issues submitted; nothing else, however interesting or relevant to the case in general, is required. *First State Bank & Trust Co. of Edinburg v. George*, 519 S.W.2d 198, 206, 207 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.). In cases in which the meaning of a term should be clear from the evidence, unless it is a legal term needing definition, the trial court need not submit an explanatory instruction of the term. See, e. g., *French v. Brodsky*, 521 S.W.2d 670, 681 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.). Absent a showing of such denial of appellants' rights as was reasonably calculated to cause and probably did cause rendition of an improper verdict

in the case, no abuse of discretion has been shown. *Minchen v. Rogers*, 596 S.W.2d 179, 183 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ).

█ Therefore, the scope of our inquiry is limited to the question of whether the requested instructions were so necessary to enable the jury to properly render a verdict that the court's refusal to so instruct the jury probably did cause rendition of an improper verdict. A prime consideration in the case before us is whether the "axioms" embodied in the requested instructions are applicable to the facts in the case. See, e. g., *Huff v. Crawford*, 89 Tex. 214, 34 S.W. 606, 610 (1896); *Best v. Splawn*, 33 S.W. 1005, 1006 (Tex.Civ.App.1896, no writ). Upon review of the evidence and analysis of the requested instructions, it is our opinion they are not.

█ Appellants' requested instructions have little if any application to the facts of the case and would not have aided the jury in rendering a proper verdict. Each of the requested instructions are variations on the surveying principle that the footsteps of the original surveyor must be followed where ascertainable and that the original lines would prevail over any stated calls or quantity in a plat. In the case at bar the only guide to the result obtained by the original surveyor is the Clark & Plumb plat from which both surveyors worked. The plat contains only dimensions and acreage with no mention of any physical marker or monument marking the location of the original survey lines. There are no field notes for the Clark & Plumb survey. Both surveys were based upon calls taken from the Clark & Plumb survey. Under these circumstances, an instruction that the original surveyor's footsteps are to be retraced or that the actions of the original surveyor must be ascertained and followed would have been more confusing than helpful to the jury in determining the true location of the Archer County right-of-way. An instruction as to "lines actually run and marked or corners actually established on the ground" by the original surveyor prevailing over stated

calls for quality is obviously not applicable to the facts in this case and would serve only to confuse the jury. The same is true for instructions to the jury to disregard the stated quantity in an area where the evidence clearly establishes that each surveyor found the tract to contain excess acreage and adjusted his computations accordingly. Injecting into the jury's consideration a reference to adjoining surveys where none has been proved is blatantly inappropriate in this case.

The appellants have not shown how the requested instructions would have aided the jury in rendering a verdict, nor have they shown how the trial court's refusal to give the instructions was calculated to and probably did cause the jury to err in its verdict. Tex.R.Civ.P. 434. The trial court has considerable discretion in determining what explanatory instructions are necessary or proper in the submission of its charge, and it is our opinion the trial court acted within the bounds of its discretion in refusing the requested instructions. We overrule appellants' first point of error.

By their second point of error appellants assert that the trial court erroneously commented on the weight of the evidence by including an unnecessary and improper addendum to its definition of right-of-way.

In connection with the issues submitted, the court defined the right-of-way as follows:

"'PUBLIC RIGHT–OF–WAY'" means the entire thirty foot (30') width of land reserved for road purposes along the South side of the property and the entire forty foot (40') width of land reserved for road purposes along the West side of the property, as set forth in the 1908 deed from Henry J. Scott to Joseph F. Meurer *even if only a portion thereof is open to the use of the public for purposes of vehicular travel.*" (Emphasized portion hereinafter referred to as the addendum.)

Appellants insist that the charge should have been framed in the terms of the original survey charging that the superfluous addendum to the definition was much in the nature of an "erroneous instruction" to the extent that it instructed the jury regarding present usage thereby, in effect, instruction to the jury to disregard evidence of long established acknowledged and honored boundary lines. Appellants further object to the capitalization of the term "public right-of-way" and the use of the adjective "entire" as unnecessary comments on the weight of the evidence prejudicial to the appellants.

Tex.R.Civ.P. 277 in part provides:

"The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers where it is properly a part of an explanatory instruction or definition."

It is well settled that where a width of land is dedicated to roadway easement, the amount dedicated is not reduced by actual use of a lesser width. *Pois' v. Sharman,* 296 S.W. 665 (Tex.Civ.App.—Texarkana 1927, writ ref'd); *Brunner Fire Co. v. Payne,* 54 Tex.Civ.App. 501, 118 S.W. 602 (1909, no writ). The definition as given correctly reflects the law that the entire amount of land reserved for road purposes whether or not presently being used for such purposes, constitutes the public right-of-way. The use of the word "entire" coupled with the "addendum" to the instruction, make plain that the County is entitled to all the area reserved in the grant for road purposes, regardless. The jury in its deliberations was to determine whether the fence in question encroached upon the public right-of-way. In order to do so, they had to know what constituted the public right-of-way.

In addition, capitalization of the term being defined in jury instructions is common practice in jury charges to bring to the attention of the jurors legal definitions to be applied in their deliberations. We do not find that capitalization of the term improper. It should be noted that "PREPON-

DERANCE OF THE EVIDENCE" was also capitalized in the charge.

 Furthermore, if the portions of the explanatory instructions objected to as a comment on the weight of the evidence speak to the evidence at all, they do so only incidentally. We hold that the instruction is not objectionable under Rule 277. The second point is overruled.

By their third point appellants assert that the trial court committed error in its selective response to the jury's request for certain witnesses' testimony to be read to them. We do not agree.

Tex.R.Civ.P. 287 provides in part:

"If the jury disagree as to the statement of any witness, they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness' testimony on the point in dispute; . . . ."

The rule has been construed to mean that the jury is entitled to hear only the specific part of the testimony relevant to the point in dispute, and only when the jury notifies the court, that it disagrees upon the statement made by the witness. In the absence of disagreement between the jurors, the court is not obligated to have any witness' testimony read back to the jury, and accordingly, commits no error in refusing to do so. *Hill v. Robinson*, 592 S.W.2d 376 (Tex.Civ.App.—Tyler 1979, writ ref'd n. r. e.).

In the present case, the jury twice made written requests for certain testimony neither of which was clear as to exactly what they wanted. In response, the jury was brought into court and read portions of testimony and then asked through their foreman whether the portions read satisfied their requests. In each instance, the foreman responded affirmatively. The record reveals that the court took considerable care to satisfy the jury's requests, and gave the jury every opportunity to request additional testimony in the event they were dissatisfied with what had been read to them. The court discharged its duty to the litigants and the jury. The point is overruled.

Each point of error is overruled.

Judgment of the trial court is affirmed.