**FOREST LANE PORSCHE AUDI ASSOCIATES, Appellant,**

v.

**G & K SERVICES, INC., Appellee.**

**No. 2–85–254–CV.**

Court of Appeals of Texas, Fort Worth.

Sept. 25, 1986.

Molly W. Bartholow Law Offices and Molly W. Bartholow, Dallas, for appellant.

Tim G. Sralla and Shannon, Gracey, Ratliff, & Miller, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

BURDOCK, Justice.

This is an appeal from the trial court's award of damages to appellee under a liquidated damages provision of a uniform supply and services contract. Trial was to the court.

We affirm.

G & K Services, Inc. brought suit against Forest Lane Porsche Audi Associates for breach of contract. G & K Services complained they contracted with Forest Lane to supply uniforms and Forest Lane terminated the contract without cause. G & K Services sought damages under the liquidated damages provision of the contract, plus interest and attorney's fees. Forest

Lane filed its first amended original answer on June 26, 1985 and alleged certain affirmative defenses, to wit: inadequate consideration, just cause, breach of contract by appellee, and waiver as a result of that breach.

On July 19, 1985, G & K Services requested the cause be set for trial on August 26, 1985. Nothing further was filed by either side until a month later, on August 19, 1985, when Forest Lane filed its motion to substitute counsel and its second amended original answer and counterclaim. The second amended answer sought to plead additional defenses and to assert a counterclaim in the nature of a Deceptive Trade Practices Act action. *See* TEX.BUS. & COM. CODE sec. 17.41–17.63 (Vernon Pamph.Supp.1986).

On August 28, 1985, the trial court held a pretrial hearing immediately prior to trial, and granted G & K Service's motion to strike Forest Lane's second amended answer and counterclaim. In addition, the trial judge denied Forest Lane's motion for leave to file its third amended original answer, which was file-marked August 26, 1986.

In its first five points of error, Forest Lane alleges the trial court erred in striking its second amended original answer and in refusing to permit it to file its third amended original answer. We disagree.

TEX.R.CIV.P. 63 reads, in pertinent part:

Parties may amend their pleadings ... as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial or thereafter ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party.

Here, appellant filed its second amended answer on August 19, 1985, without seeking leave of court. Trial was set for August 26, 1985. Trial, however, did not actually begin until two days later, on August 28, 1985. Our initial inquiry then, is whether the meaning of the word "trial," as it is used in rule 63, refers to the day a trial is set to begin, or the day trial actually begins. If the latter is true, appellant's amendment was filed more than seven days prior to trial and leave of court was not required. If the former is true, appellant's amendment was filed on the seventh day prior to trial and, therefore, did require leave of court. *See Sweeny Bank v. Ritchie, Hopson & Associates*, 628 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

Rule 63 allows the trial judge to exercise his discretion, especially where the filing will surprise the opposite party or deny the opponent an opportunity to meet the new issues raised for the first time in the amended pleadings. *Davis v. National Acceptance Co.*, 233 S.W.2d 321, 324 (Tex.Civ. App.—Dallas 1950, writ ref'd n.r.e.). In doing so, the rule ensures a party in a suit set for trial within seven days can rely upon his opponent's pleadings in preparing for trial with the knowledge that, if there is an amendment, he will have his chance to make a showing of surprise to the court. In this sense, it does not matter when the case actually ends up going to trial. What matters is that seven days before the date the case is set for trial, parties are afforded rule 63's protection and can prepare for trial by relying upon their opponent's pleadings as they stand.

This issue appears to be of first impression in Texas. There are two cases, however, which suggest the day a case is set for trial controls. In *Grogan v. Santos*, 617 S.W.2d 312 (Tex.Civ.App.—Tyler 1981, no writ), the court, in construing rule 63, stated:

Since appellant had not filed a verified amended answer within seven days prior to the time the case was *set for trial* appellee was authorized to prepare his case and summon his witnesses upon the theory that the partnership would be an admitted fact in the case.

*Id.* at 314–15 (emphasis added).

Similarly, the court in *Hudson v. Smith*, 391 S.W.2d 441 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.) stated:

The appellant showed no diligence in filing the answer. It was filed less than 7 days before the case was *set for trial* and it was discretionary with the trial court as to whether he should strike the answer.

*Id.* at 450 (emphasis added).

■ The logical reading of rule 63, and that suggested by case law, is to interpret "the date of trial" to mean the day a case is set for trial, and not the day the case actually goes to trial (if trial begins at a later date). This is the only interpretation that will enable parties to know in advance whether they need to seek leave of court before filing an amended pleading. It is the only interpretation which will provide certainty to a party relying upon another party's pleadings in preparing for trial.

■ Accordingly, we hold in appellant's case leave of court was required in order for it to file its second amended answer on August 19, 1985, because it was filed within seven days of the date of trial. The court did not err in striking appellant's second amended original answer because the amendment was filed without seeking leave of court. Under rule 63, amended pleadings cannot be filed without leave of court within seven days of the trial setting.

We must next consider whether the trial court erred in refusing to permit appellant to file its third amended original answer. Appellant sought leave to file this pleading on August 26, 1985, the day the case was set for trial. Therefore, appellant's attempted amendment fell within the portion of rule 63 which provides the judge must grant leave to file unless there is a showing the amendment will surprise the other party.

■ It is well established the trial court's decision to grant or deny leave to file a trial amendment is within the sound discretion of the trial judge, and the decision should not be disturbed without a clear showing of abuse of discretion. *See Plains Ins. Co. v. Evans,* 692 S.W.2d 952, 956 (Tex.App.—Fort Worth 1985, no writ). Under rule 63, the burden of convincing the trial court the late filing of an amended pleading will operate as a surprise rests on the party resisting the filing of the pleadings. *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980) (concurring opinion). However, the burden of demonstrating the trial court erred in refusing to permit the amendment rests on the party contending such action was not justified by the rules. *Id.* The fact the court refused to permit the amendment is not sufficient. *Id.* The party tendering the late pleadings has the burden of showing, either by the statement of facts or by bill of exception, the facts surrounding the presentation of the amendment and the action of the trial court in refusing to permit it to be filed and considered. *Id.* In the absence of such a showing, the appellate court must presume the trial court did not abuse its discretion. *Id.*

■ No statement of facts or bill of exception is before us from the pretrial hearing wherein the court denied appellant's motion for leave to file its third amended original answer. Therefore, we must presume the trial court did not abuse its discretion.

■ Further, the amended pleading on its face demonstrates it was calculated to surprise appellee as it asserted new affirmative defenses and a counterclaim, the latter of which set forth a completely new cause of action under the Deceptive Trade Practices Act. There may be a surprise as a matter of law if the proposed amended pleadings assert a new and independent cause of action or defense. *Id.* at 352. We hold the trial court did not abuse its discretion in refusing to grant appellant leave to file its third amended original answer. Appellant's first five points of error are overruled.

Appellant's remaining points of error concern the damages awarded to appellee by the trial court. In point of error six, appellant alleges the trial court erred in granting judgment for appellee because appellee waived enforcement of the liquidated damages clause as a matter of law. It argues the discontinuance of the "execwear" service portion of the contract evi-

denced an intention by G & K Services to waive the liquidated damages clause. Appellant further argues the discontinuance of the "exec-wear" service portion of the contract modified the contract, and thereby terminated the terms of the first contract, so that there was no liquidated damages provision left upon which to sue. The record reflects the parties met in June of 1984 and agreed to discontinue that part of the contract whereby appellee provided certain uniforms known as "exec-wear."

■ Waiver is an affirmative defense that must be specially pled. TEX.R.CIV.P. 94. An examination of appellant's pleadings in this cause reveals it did plead appellee had waived its right to assert its rights under the contract by virtue of its alleged action in breaching the contract. However, appellant did not plead appellee had waived its right to enforce the liquidated damages provision of the contract by virtue of its action in modifying the contract with respect to the "exec-wear" service portion of the contract. Since appellant is asserting the latter theory of waiver on appeal, and since that theory of waiver was not affirmatively pled, it may not be raised as a defense for the first time on appeal. *See Sunrise Acres, Inc. v. Ford Wehmeyer, Inc.*, 598 S.W.2d 916, 918 (Tex.Civ.App.— Waco 1980, no writ). Further, under the record before us, there is no showing of waiver as a matter of law.

■ Similarly, appellant cannot allege the making of a new agreement on appeal without pleading an accord, novation, or one of the related affirmative matters required to be specially pled, since it failed to so specially plead. *See* TEX.R. CIV.P. 94 and *National Mar-Kit, Inc. v. Forrest*, 687 S.W.2d 457, 459 (Tex.App.— Houston [14th Dist.] 1985, no writ). Furthermore, a subsequent agreement supercedes the original contract only to the extent of any inconsistencies. *See Hall v. Professional Leasing Associates*, 550 S.W.2d 392, 394 (Tex.Civ.App.—Dallas 1977, no writ). Appellant's sixth point of error is overruled.

■ By points of error seven and eight, appellant alleges the trial court erred in awarding appellee $15,629.60 in damages, because no evidence was presented to the trial court of the average weekly charges invoiced to appellant after the "exec-wear" portion of the contract was removed. We have examined the record and it reflects the evidence presented to the court of the average weekly charges included charges for the "exec-wear" service only up to the time it was discontinued. Accordingly, we find the evidence was sufficient to sustain the trial court's award of damages. Appellant's seventh and eighth points are overruled.

Judgment affirmed.