Elissa S. CARR, Appellant,

v.

HOUSTON BUSINESS FORMS, INC., Appellee.

No. A14–89–00556–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 12, 1990.

**850**

Brantly Harris, Houston, for appellant.

Craig S. Wolcott and Carol L. Riggs, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

OPINION

MURPHY, Justice.

Elissa S. Carr appeals from a judgment entered in favor of appellee, Houston Business Forms, Inc. ("HBF"), awarding damages in the amount of $16,128.00 plus interest and attorney fees, and holding appellant and her ex-husband, Richard Carr, jointly and severally liable for this amount. Appellant brings six points of error challenging the trial court's failure to grant her motion for judgment notwithstanding the verdict and denial of requested instructions. Appellee, HBF, brings two cross-points of error complaining of the trial court's order striking its second amended original petition. We reverse and remand.

In a suit filed in February, 1984, HBF sought to recover the amount of an unpaid invoice for the second run of a second printing of a booklet produced by Richard Carr. On June 24, 1985, HBF filed a first amended original petition adding appellant, Elissa Carr, the ex-wife of Richard Carr, as a defendant. On January 3, 1989, the trial court entered an order setting the cause for trial on February 27, 1989 and discontinuing further discovery or pleading. In its second amended original petition, filed on February 22, 1989, HBF added a new claim seeking recovery of unpaid indebtedness evidenced by a promissory note resulting from the first run of the second printing of this same booklet. On February 25, 1989, appellant filed a motion to strike HBF's second amended petition, asserting that the petition was filed within seven days of trial and in contravention of the trial court's order of January 3, 1989. The trial court orally granted this motion to strike on March 2, 1989, the first day of trial. Evidence was presented to the jury and the jury found the debt on the invoice to be a community debt and one on which appellant and Richard Carr were jointly liable. The jury awarded HBF damages of $16,128.00 plus interest and $3,400.00 in attorney fees.

We turn first to appellee's cross-points alleging the trial court erred in striking appellee's second amended original petition. Appellee first claims that the petition

was filed more than seven days before the case actually went to trial and therefore leave of court was not required. Under TEX.R.CIV.P. 63, a party may amend pleadings, but if the amendment is filed within seven days "of the date of trial," leave of court is required. The trial court's order of January 3, 1989 set the case for trial on February 27, 1989. The second amended petition was filed on February 22, 1989. Thus, the petition was filed within seven days before the date set for trial. Appellee's argument interprets the Rule 63 "date of trial" to mean the date trial actually begins, but this interpretation is incorrect. In *Forest Lane Porsche Audi Assoc. v. G & K Serv., Inc.*, 717 S.W.2d 470, 473 (Tex. App.—Fort Worth 1986, no writ), the court held that the Rule 63 "date of trial" refers to the date the case is set for trial and not the date the trial actually begins. Thus, the second amended petition was filed within seven days of the date of trial and leave of court was required. We overrule appellee's first cross-point.

■ In its second cross-point, appellee claims the trial court erred in striking the second amended petition because the amendment would not have operated as a surprise to appellant. A trial court's decision whether to grant or deny an amendment to a pleading filed within seven days of trial is within the sound discretion of the trial judge and we may not disturb this decision absent a clear showing of abuse of discretion. *Forest Lane Porsche Audi Assoc.*, 717 S.W.2d at 473. In her motion to strike appellee's second amended petition, appellant claimed the petition added a new cause of action and alleged surprise and lack of time to adequately prepare a defense to this claim. The first amended petition alleged a cause of action for indebtedness based on an invoice for services performed in the second run of the second printing of booklets. The second amended petition added a claim based on a promissory note arising from services performed in the first run of the second printing of booklets. Thus, the second amended petition presented a new claim for a different debt and this is a matter appellee should have known and alleged prior to the time when amendment required leave of court. *See*

*Salazar v. San Benito Bank & Trust Co.*, 730 S.W.2d 21, 24 (Tex.App.—Corpus Christi 1987, no writ). Because appellee failed to demonstrate that the trial court abused its discretion in striking this petition, we overrule cross-point two.

■ In points of error four, five, and six, appellant claims the trial court erred in refusing to submit two requested instructions and in submitting an improper instruction. TEX.R.CIV.P. 277 requires the trial court to "submit such instructions as shall be proper to enable the jury to render a verdict." The applicable standard of review on appeal is whether the submitted instruction was a misstatement of the law as applicable to the facts. *Wakefield v. Bevly*, 704 S.W.2d 339, 350 (Tex.App.—Corpus Christi 1985, no writ). Where an appellant challenges the trial court's refusal to submit requested intructions to the jury, the issue on appeal is whether the trial court abused its discretion. *Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 836 (Tex.1986). To show abuse of discretion, appellant must establish that the trial court's refusal to submit the requested instruction "was reasonably calculated and probably did cause rendition of an improper verdict...." *Steinberger v. Archer County*, 621 S.W.2d 838, 841 (Tex.App.—Fort Worth 1981, no writ).

Appellant contends that, although the trial court instructed the jury to examine the totality of the circumstances in which the debt arose in determining whether Richard and Elissa Carr were jointly obligated, the court failed to instruct the jury what circumstances other than marriage were relevant or consistent with implied assent. The trial court submitted the following instruction for jury question three:

[Instruction for jury question three]:

You are instructed that in determining if a debt is a joint obligation of the husband and wife, it is necessary to examine the totality of the circumstances in which the debt arose, including whether or not the noncontracting spouse's conduct was consistent with an implied assent to the establishment of the debt.

*Jury Question No. 3:*

Was the debt now in question a joint obligation of Richard and Elissa Carr?

The above instruction parallels language in *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex.1975) and although this passage fails to advise the jury about the type of circumstances or factors relevant in determining whether the debt is a joint obligation rendering both husband and wife personally liable, it is not a misstatement of the law. *See Wakefield*, 704 S.W.2d at 339.

Although we find no error in the instruction submitted, we do find error in the trial court's refusal to submit the following instructions requested by appellant:

A spouse is personally liable for the acts of the other spouse only if the spouse acts as an agent for the other spouse, or the spouse incurs a debt for necessaries. A spouse does not act as an agent for the other spouse solely because of the marriage relationship.

■ The authority for these requested instructions is TEX.FAM.CODE ANN. § 4.031 (Vernon Supp.1990). Appellee contends that § 4.031 is inapplicable because the effective date of this statute was November 1, 1987, several years after the date 'suit was filed in the instant case. We disagree. The act adding § 4.031 specifically provided 'that this statute applied to "an order, decree, or judgment rendered on or after [November 1, 1987]." Act of Aug. 3, 1987, ch. 50, § 7, 1987 Tex.Gen.Laws 159, 161. If the legislature had intended for § 4.031 to apply only to suits filed on or after the effective date of the act, it would have so provided. *See, e.g.*, Act of June 14, 1989, ch. 369, § 10(b), 1989 Tex.Gen.Laws 1458, 1461 (amending § 4.031 and providing that the act applies only to suits filed on or after the Sept. 1, 1989 effective date). Thus, we find that § 4.031 was applicable to the instant case.

■ Appellant further contends that the trial court's refusal to submit the requested instructions resulted in the rendition of an improper verdict. We agree. Section 4.031 provides that a person is personally liable for his or her spouse's debts only if the debt is for necessaries or if the spouse acts as the person's agent when incurring the debt. TEX.FAM.CODE ANN. § 4.031(a)

(Vernon Supp.1990). The marital relationship alone is insufficient evidence that a spouse acted as the other spouse's agent. *See* TEX.FAM.CODE ANN. § 4.031(c) (Vernon Supp.1990). Because § 4.031 was applicable, the trial court should have submitted the requested instructions advising the jury of the circumstances under which a spouse may be held liable for the other spouse's debt.

We find the refusal to submit the requested instructions based on § 4.031 was an abuse of discretion because the court's refusal to so instruct the jury probably caused the rendition of an improper verdict. *See Steinberger*, 621 S.W.2d at 841. We sustain appellant's points of error five and six and thus, we need not address appellant's other points.

We reverse the judgment and remand the cause to the trial court for proceedings consistent with this opinion.