**BROWN LEX REAL ESTATE DEVELOPMENT CORPORATION, Appellant,**

**v.**

**AMERICAN NATIONAL BANK–SOUTH,**
**Appellee.**

No. 13–87–047–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Sept. 24, 1987.

Ken E. Mackey, Mackey & Hall, Austin, for appellant.

David J. Demars, Timothy P. Dowling, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and UTTER, JJ.

## OPINION

SEERDEN, Justice.

Appellant contests the trial court's striking of its counterclaim in an action on two promissory notes. The trial court's Docket Control Order set a November 21, 1986, "deadline for amendment of pleadings." Appellant, who had filed an answer, filed a counterclaim on December 2, 1986, three days before trial. Appellee moved to strike on December 3, 1986, and appellant filed a motion for continuance. At a hearing on December 4, 1986, the court denied the continuance and leave to file the counterclaim. At trial on December 5, 1986, appellant again presented the counterclaim and re-urged its motion for leave to file and its motion for continuance, and the trial court denied both motions.

Appellant, by points one and two, claims error in the trial court's granting of appellee's Motion to Strike and denying its Motion for Leave to File Counterclaims. It argues that the counterclaims were not "amended pleadings" and, thus, were not subject to the docket control order or to Tex.R.Civ.P. 63.

■ We hold that supplemental pleadings, including appellant's counterclaim, are amended pleadings for purposes of Rule 63. This reading is consistent with Tex.R.Civ.P. 62 and with the purposes of docket control under Tex.R.Civ.P. 166.

Rule 62 defines an amendment and includes as one of its possible objectives "to plead new matter, additional to that formerly pleaded by the amending party, which constitutes an additional claim or defense permissible to the suit."

Under Rule 62, supplemental pleadings alleging new claims or grounds of recovery have been held amended pleadings. *See Hawkins v. Anderson*, 672 S.W.2d 293, 295 (Tex.App.—Dallas 1984, no writ); *Claude Regis Vargo Enterprises v. Bacarisse*, 578 S.W.2d 524, 528 (Tex.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Box v. Associates Investment Co.*, 389 S.W.2d 687, 689 (Tex.Civ.App.—Dallas 1965, no writ); *see also Holland v. First National Bank*, 597 S.W.2d 406, 411–12 (Tex.Civ.App.—Dallas 1980, writ dism'd) (under Rule 63).

■ Whether to allow pleading amendments within the seven days before trial is within the trial court's discretion. *Plata v. Guzman*, 571 S.W.2d 408, 411 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r. e.); *Dillingham v. Lynch*, 516 S.W.2d 694, 704 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); *Roeber v. DuBose*, 510 S.W.2d 126, 128 (Tex.Civ.App.—Corpus Christi 1974, no writ). A party seeking reversal for denial of the right to amend pleadings must show it was arbitrary or that it resulted in consequential injury. *Box*, 389 S.W.2d at 689; *Consolidated Copperstate Lines v. Standard Asbestos Manufacturing & Insulating Co.*, 378 S.W.2d 704, 707 (Tex.Civ.App. —Fort Worth 1964, writ ref'd n.r.e.).

■ In discussion on the record at the hearing, appellant's attorney admitted that he had drafted the counterclaim a week-and-a-half before he attempted to file it. Moreover, although appellant's attorney argued to the trial court that the counterclaim was compulsory, he now contends it was permissive. Thus, he in effect con-

cedes that the trial court's action did not deprive appellant of its day in court. Appellant has shown neither harm nor an abuse of discretion. We overrule points one and two.

By point three, appellant urges that the trial court abused its discretion in denying it leave to amend, both before and during trial, claiming appellee did not discharge a burden to show either surprise or prejudice.

■ When the trial court has refused amendments which introduce new substantive matter, the burden is on the complaining party to show abuse of discretion rather than on the opposite party to show surprise. *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980); *Wendell v. Central Power & Light Co.*, 677 S.W.2d 610, 619 (Tex.App. —Corpus Christi 1984, writ ref'd n.r.e.).

■ The attorneys agreed at the hearing that, during a deposition on October 21, 1986, they discussed the setoffs which are raised in the counterclaim. Appellant's attorney stated that he did not file the counterclaim because he felt that, to adequately prepare it, he had to have the deposition of the bank's president. He said that, when he went to an agreed November 5, 1986, deposition setting, he discovered that the other attorneys had agreed to its postponement. He said he further relied on representations that documents would be produced, even though he was aware that the discovery deadline was passing. We have found nothing in the record to indicate that appellant's attorney initiated any discovery in the case.

Even so, appellee expressed surprise at the DTPA action and the new claims for special and exemplary damages. *See Forest Lane Porsche Audi v. G & K Services*, 717 S.W.2d 470, 473 (Tex.App.—Fort Worth 1986, no writ). Appellant has failed to show an abuse of discretion. We overrule point three.

The judgment of the trial court is AFFIRMED.