**William P. VERKIN d/b/a Verkin Properties, Appellant,**

v.

**SOUTHWEST CENTER ONE, LTD., Appellee.**

**No. 01–88–00785–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 1989.

Rehearing Denied Feb. 1, 1990.

Timothy R. Ploch, Bro & Ploch, Houston, for appellant.

Mynde S. Eisen, Michael C. O'Connor, O'Connor, Wisner, Craig & Young P.C., Houston, for appellee.

Before O'CONNOR, WARREN and COHEN, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from a summary judgment for plaintiff. We reverse and remand the cause to the trial court.

Defendant, William P. Verkin d/b/a Verkin Properties, leased property from plaintiff, Southwest Center One, Ltd., for $9,949.58 per month beginning April 1, 1987. Defendant paid full rent for several months and then began making partial payments. Plaintiff sued for past-due rent totalling $40,257.48, plus late payment penalties, attorney's fees, interest, and costs. The court granted plaintiff a summary judgment for $45,783.22.

Defendant contends: (1) the trial court abused its discretion when it refused him leave to file an amended answer and original counterclaim; (2) the trial court abused its discretion when it refused to grant his motion for continuance; and (3) there were fact issues that precluded the summary judgment. We find it unnecessary to consider any but the second point.

The record reveals the following significant dates.

3–16–88  Plaintiff filed suit.

3–29–88  Defendant was served.

4–15–88  Defendant's personal attorney filed general denial; defendant began looking for trial attorney to represent him.

5–5–88  Plaintiff filed motion for summary judgment; hearing set for 6–2–88.

5–8–88  Defendant received motion for summary judgment.

5–17–88  Defendant hired trial attorney; trial attorney immediately filed motion to substitute.

5–20–88  Court signed order substituting trial attorney for defendant's personal attorney; defendant's trial attorney attempted to contact plaintiff's attorney by telephone.

5–25–88 Defendant's counsel delivered request for production and interrogatories to plaintiff's counsel; finally was able to reach plaintiff's counsel to ask for additional time for discovery; plaintiff's counsel said no.

5–31–88 Defendant filed amended answer, motion for continuance, and response to motion for summary judgment.

6–1–88 Defendant filed counterclaim.

6–2–88 Hearing on motion for summary judgment; summary judgment granted.

In his sworn motion for continuance, defendant said he asked his personal attorney to file an answer and immediately began looking for a trial attorney. On the same day the trial court signed the order substituting the trial attorney, defendant's new counsel began calling plaintiff's counsel to discuss a continuance and discovery. Five days later, when he was unable to reach plaintiff, defendant delivered requests for production and interrogatories to plaintiff. When defendant finally reached plaintiff's counsel by telephone and asked for an agreed continuance, counsel refused and characterized the request as a stalling tactic. At the time of the hearing on the motion for summary judgment, plaintiff had not responded to the discovery.

We recognize that the granting or denial of a motion for continuance is within the trial court's sound discretion, and will not be disturbed except for clear abuse. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Defendant's motion for continuance was in substantial compliance with the rule and was verified. Because plaintiff did not controvert it, we must accept the statements in the motion as true. *Piedmont Fire Ins. Co. v. Dunlap*, 193 S.W.2d 853, 856 (Tex. Civ.App.—Galveston 1946, writ ref'd n.r.e.).

## REQUIREMENTS OF RULE 252

1. The testimony is material:

2. Proof of materiality:

3. Show of diligence:

In *Piedmont*, this Court said that when considering a first motion for continuance, there is no presumption that the court did not abuse its discretion. *Id.* In ruling on a first motion for continuance, the trial court does not have the discretion to reject the uncontroverted facts established by defendant's sworn motion. *Garza v. Serrato*, 699 S.W.2d 275, 281 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

## DEFENDANT'S ARGUMENTS

Defendant challenges the trial court's ruling on the motion for continuance on several grounds, including: defendant's answer had been on file only 20 days when plaintiff filed the motion for summary judgment; plaintiff did not present evidence to oppose the motion for continuance; only twelve days elapsed from the time the order substituting defendant's trial counsel was signed and the hearing on the summary judgment was held; defendant had discovery requests outstanding at the time of the hearing on the motion for summary judgment.

Defendant's challenges can be consolidated into the argument that the trial court did not take into consideration three related factors:

(1) The suit was just filed.
(2) Defendant substituted a trial attorney for his personal attorney.
(3) There had not been enough time to investigate the case or make discovery.

Rule 252, Tex.R.Civ.P., governs the procedure for a motion for continuance made on the ground a party needs additional time for discovery. When requesting additional time for discovery, a party must fulfill the six requirements of rule 252 under oath. Those requirements and defendant's statements, which meet the requirements, are:

## DEFENDANT'S SUFFICIENT CAUSE

Defendant needed plaintiff's answers to discovery to begin investigation of the case.

Defendant could not investigate the case without plaintiff's answers to discovery. Defendant filed request for discovery almost immediately; made attempts to secure continuance by agreement.

| REQUIREMENTS OF RULE 252 | DEFENDANT'S SUFFICIENT CAUSE |
|---|---|
| 4. Cause of failure, if known: | Plaintiff was unreasonable: filed motion for summary judgment 37 days after defendant was served with suit; refused to agree to continuance even though plaintiff had not responded to defendant's discovery requests. |
| 5. Evidence not available from other source: | (Defendant was not required to prove this element in first motion for continuance for discovery.) |
| 6. Continuance was not for delay only, but that justice be done: | Defendant stated this requirement in his motion. |

A party who does not diligently utilize the procedure for discovery can seldom claim reversible error when the trial court refuses a continuance. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988). In *Wood Oil*, the suit had been pending for two years when Wood moved for a continuance. Wood asked for a continuance to read depositions of its own witnesses and take depositions of the State's witnesses. Wood had not conducted any discovery during the two years in which suit was pending. The supreme court held the trial court did not abuse its discretion because Wood did not prove diligence. The court said Wood's inability to review its own depositions or take the depositions of the State's witnesses was "a predicament of its own making." *Id.* Here, defendant's predicament was not of his own making. This case was barely filed. There is nothing in this record to suggest defendant was not diligent in pursuing discovery.

We recognize that in *Fritsch v. J.M. English Truck Line, Inc.*, 151 Tex. 168, 171, 246 S.W.2d 856, 858–59 (1952), the supreme court said that a first motion for continuance, as opposed to a second motion, did not have any special cachet. The only difference between the first and second motion for continuance is that in the second motion, the party must state that the absent testimony cannot be procured from any other source. *Id.;* Tex.R.Civ.P. 252. At the time the trial court denied the motion for continuance in *Fritsch*, the case had been on the docket for one year, it had been twice set for trial, once preferentially, and defendant had announced ready four days before he filed the motion. It is easy to understand how the court decided that the *Fritsch* defendant could not claim any special consideration for a first motion for continuance under the circumstances of that case. We do not think the reversal in this case violates the rule in *Fritsch*.

## PLAINTIFF'S ARGUMENTS

Plaintiff defends the trial court's ruling on the motion for continuance on three separate grounds: (1) defendant received notice of the hearing on the summary judgment more than 21 days before the hearing, per Tex.R.Civ.P. 166a; (2) defendant's first counsel should have started the discovery; (3) the grounds stated in the motion for continuance are not compelling grounds for a continuance.

### 1. NOTICE OF THE SUMMARY JUDGMENT.

Plaintiff cites *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981), for the proposition that it is not an abuse of discretion to deny a motion for continuance if the party receives 21 days notice of the hearing on a motion for summary judgment. *Cronen* is not controlling here. It certainly says what plaintiff is arguing. The facts in *Cronen*, however, do not parallel the facts here.

■ *Cronen* did not involve, as this case does, a plaintiff filing suit and immediately filing a motion for summary judgment on his own pleadings, before defendant could investigate the case. In *Cronen*, the defendant filed the motion for summary judgment. The distinction is significant: We can presume a plaintiff has investigated his

own case; we cannot make the same assumption about a defendant.

Nothing in the *Cronen* opinion indicates the timing of defendant's motion for summary judgment. As far as we can tell from the opinion, *Cronen's* suit could have been languishing in the court for years before defendant filed a motion for summary judgment. Here, the suit had been on file for 50 days when plaintiff filed a motion for summary judgment.

In *Cronen*, the plaintiff moved for a continuance in response to a hearing on a motion for summary judgment on the grounds he had "personal matters," law cases, and insufficient time to prepare for the summary judgment hearing. This Court held the trial court did not abuse its discretion in denying the motion. Here, a defendant moved for a continuance because he did not have time to *investigate* the case.

### 2. DEFENDANT'S FIRST COUNSEL.

Plaintiff says defendant could have started discovery before hiring his trial counsel. Even adding the time the first attorney was on the case, defendant still did not have time to complete discovery. There was certainly not enough time to use information in written discovery to identify witnesses and to take their depositions.

Plaintiff cites *Thomson v. Norton*, 604 S.W.2d 473, 478 (Tex.Civ.App.—Dallas 1980, no writ), to support its statement that defendant was responsible for his first counsel's actions. The *Thomson* case is not relevant here because it had been on file for three years at the time the trial court overruled the third motion for continuance and rendered the summary judgment. The trial attorney for Thomson was the third attorney in the case to represent Thomson. *Id.* Though the *Thomson* case makes the statement relied on by plaintiff, the facts in *Thomson* do not parallel the facts here.

### 3. THE ADEQUACY OF THE MOTION.

Plaintiff says that defendant filed an inadequate motion for continuance. Plaintiff says that defendant was compelled to attach affidavits to his response to the motion for summary judgment, stating why he was not able to obtain discovery. Plaintiff cites rule 166a(f), Tex.R.Civ.P., for the proposition that when affidavits are unavailable, a non-movant must so state in affidavits attached to the response to the motion for summary judgment.

Section (f) of rule 166a does not place any burden on a party to attach affidavits stating the need for additional time. Section (f) merely states that, when it is apparent from the affidavits that a party needs additional time, the court *may* either refuse the summary judgment or order a continuance. Nothing in section (f) precludes a party from filing a separate motion for continuance when faced with a motion for summary judgment.

Plaintiff also argues that defendant did not show diligence in attempting to make discovery, or show good cause for the continuance. For reasons stated in the first section, we disagree.

■ Finally, plaintiff argues that defendant did not attach any discovery request or deposition notices to the motion. We know of no rule of procedure, no case law, nor any theory of appeal that states that a motion for continuance on the grounds of discovery must be accompanied by a request for discovery. Because the statements regarding discovery were uncontroverted, we must accept them as true. *Garza v. Serrato*, 699 S.W.2d at 281.

### SUMMARY

■ The trial court should have granted defendant's first motion for continuance for the combined reasons that: the suit had been on file less than three months; the motion stated sufficient good cause; the motion was uncontroverted; it was the first motion for continuance; the motion was made to reschedule the hearing on a summary judgment, which was filed soon after defendant was served.

We sustain defendant's point of error, reverse the judgment, and remand the cause to the court below.

WARREN, Justice, dissenting.

I respectfully dissent. I would affirm the trial court's judgment. The court complied with the rules as written, and the majority is simply saying that the court should have been more lenient and relaxed with its rules. In saying that the court abused its discretion by not granting the continuance, the majority is in effect substituting its judgment for that of the trial court.

In appellant's sole point of error, he argues: 1) the trial court abused its discretion in refusing to grant his motion for continuance; 2) it abused its discretion in denying him leave to file an amended answer and original counter-claim; and 3) the affidavits and pleadings raise a fact issue.

Appellant first argues that the trial court abused its discretion in refusing to grant his motion for continuance. This motion asserts that he had insufficient time for discovery because he retained new attorneys on May 17, 1988, and because the motion for summary judgment was filed only 20 days after he filed his original answer. The motion requested a continuance until August 31, 1988.

The granting or denial of a motion for continuance is within the trial court's sound discretion, and will not be disturbed except for clear abuse. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986).

A plaintiff may move for summary judgment "at any time after the adverse party has appeared or answered...." We note that the hearing on the motion for summary judgment was set 28 days after the motion was filed, in compliance with Tex.R. Civ.P. 166a(c), which requires that such motions be filed and served at least 21 days before the time specified for hearing. Where a party receives notice of the date of the summary judgment hearing in excess of the 21 days required by rule 166a, denial of a motion for continuance based on lack of time to prepare is generally not an abuse of discretion. *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.), *cert. denied*, 454 U.S. 833, 102 S.Ct. 132, 70 L.Ed.2d 112 (1981). Here, appellant presumably received the motion for summary judgment within three days of its mailing, or by May 8, 1988. *See* Tex.R.Civ.P. 21a. He waited 23 days, until May 31, two days before the hearing, to move for continuance.

In the usual case, rule 166a requires that the response to the motion for summary judgment be filed seven days before the hearing on the motion, thereby giving the non-movant at least 14 days to respond to the motion. Here, the trial court granted appellant's motion to file a late response to the motion. Appellant's new counsel, substituted in on May 20, thus had 13 days to respond, only one day less than that provided in the rule. Moreover, appellant's former counsel could have begun discovery prior to retaining new counsel. Appellant was responsible for his former counsel's actions, and should have made certain that his former counsel used diligence in responding to the motion for summary judgment. *See Thomson v. Norton*, 604 S.W.2d 473, 478 (Tex.Civ.App.—Dallas 1980, no writ).

Rule 166a(f) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Rule 251 provides:

No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law.

None of the affidavits state grounds compelling a continuance. The motion asserted that appellant needed time to obtain responses to his discovery requests and to depose persons with relevant knowledge. However, no discovery requests or deposition notices are in the appellate record.

Rule 252 provides that, if the ground for an application for continuance be the want of testimony, "the party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence...." Appellant did not make such proof. In fact, no potential witnesses are named in the motion, nor does it contain the contents of any expected testimony. Regarding the needed discovery, the motion stated only:

> Defendant is only seeking sufficient time to obtain responses to its discovery requests, and after receiving those responses, to depose the persons identified by Plaintiff as being persons with relevant knowledge, as well as a couple of non-party witnesses who will be relied upon by Defendant at the time of trial.

Because appellant did not comply with rules 166a(f), 251, or 252, the trial court did not abuse its discretion in denying the motion. *See Smith v. Erhard*, 715 S.W.2d 707, 710–11 (Tex.App.—Austin 1986, writ ref'd n.r.e.).

In his second sub-point, appellant argues that the trial court abused its discretion in denying him leave to file a counterclaim. He asserts that the trial court granted his motion to file an amended answer, and therefore, should have also allowed his counterclaim. The counterclaim was filed only one day before the hearing on the motion for summary judgment.

Counterclaims are pleadings under Tex. R.Civ.P. 63. *Brown Lex Real Est. Dev. Corp. v. American Nat'l Bank–South*, 736 S.W.2d 205, 206 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Amendments offered for filing within seven days of trial can be granted only with leave of the trial judge, and should not be allowed if they operate as a surprise to the opposing party. Tex.R.Civ.P. 63. The decision to allow amendment of pleadings within seven days of trial is within the discretion of the trial court, and absent abuse of discretion, an order permitting or refusing a trial amendment will not be disturbed. *Smith v. Smith*, 720 S.W.2d 586, 604 (Tex.App.—

Houston [1st Dist.] 1986, no writ). "When amendments which introduce new substantive matter have been refused by the trial court under rule 63, the burden of showing an abuse of discretion is on the complaining party, rather than on the opposite party to show surprise." *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980).

The trial court can consider "all matters relevant to an appropriate exercise of its discretion" in determining whether to allow an amendment. *Hardin*, 597 S.W.2d at 349. The showing of surprise can be "based on the trial court's conclusion that the amendment on its face is calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial." *Id.* Appellant's counterclaim alleged completely new causes of action. In such circumstances, "there may be a surprise as a matter of law...". *Forest Lane Porsche Audi v. G & K Serv.*, 717 S.W.2d 470, 473 (Tex.App.—Fort Worth 1986, no writ). Because appellant's counterclaim raised new causes of action not previously pleaded, it was not an abuse of discretion to deny appellant's motion to file the counterclaim.

In his final sub-point, appellant argues that his pleadings on file, particularly his first amended original answer, raised material issues of fact precluding summary judgment for appellees. The trial court allowed late filing of the amended answer and considered it before ruling.

Appellant's amended answer contains a general denial, and asserts the affirmative defenses of payment, fraud, and partial failure of consideration. The nonmovant must present summary judgment evidence raising a fact issue on each element of his affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Merely pleading an affirmative defense will not bar summary judgment where the movant has conclusively established the elements of its claim, as appellee did. *Nicholson v. Memorial Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Appellant did not dispute appellee's summary judgment proof. There-

fore, we must determine whether he raised, by summary judgment proof, a fact issue on every element of his affirmative defenses. *Brownlee*, 665 S.W.2d at 112.

The only summary judgment proof appellant submitted was his affidavit. It stated that he was seeking space for his real estate business, that he was interested in another project, that appellee's agents told him it could meet the competing property's proposal and, that if appellant leased from appellee, they would refer real estate business to him. It stated he would not have signed the lease without these promises. Finally, it states the representations were false because appellee did not refer "all of the real estate business to me that they represented that they would refer."

The three defenses raised by appellant's opposition to the motion for summary judgment were: 1) fraud; 2) partial failure of consideration; and 3) payments made not credited by appellee.

Appellant's affidavit discussed only the alleged misrepresentations. It said nothing about payments not credited. Therefore, no fact issue concerning the payment defense was raised.

In order to prove fraud, appellant had to prove not only that appellee made a false representation to induce him into entering into the lease, but also that appellee knew the representation was false when made, or made it recklessly without any knowledge of its truth or falsity. *Roland v. McCullough*, 561 S.W.2d 207, 210 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.). Appellant's affidavit does not allege that appellee knew the representations were false when made. Therefore, appellant's affirmative defense of fraud could not defeat appellee's motion for summary judgment.

Appellant's defense of partial failure of consideration also could not defeat appellee's motion. Appellee's summary judgment proof included a copy of the lease, which recites the consideration given. It says nothing about referring business to appellant. The lease constitutes a valid integrated agreement that appellant sought to contradict by his affidavit.

It is settled that when contracting parties have concluded a valid integrated agreement, whether written or oral, dealing with the particular subject matter they have between them, the parole evidence rule will prevent enforcement of prior or contemporaneous agreements which are inconsistent with the integrated agreement.... Absent pleading and proof of ambiguity, fraud, accident or mistake, a written instrument presumes that all prior agreements of the parties relating to the transaction have been merged into the written instrument. Its provisions will be enforced as written and cannot be added to, varied, or contradicted by parole testimony.

*Weinacht v. Phillips Coal Co.*, 673 S.W.2d 677, 679 (Tex.App.—Dallas 1984, no writ).

Appellant did not raise a fact issue regarding fraud. He did not allege ambiguity, accident, or mistake in the terms of the lease. Thus, in view of the parole evidence rule, there was no admissible evidence to raise the defense of partial failure of consideration. *See Conte v. Greater Houston Bank*, 641 S.W.2d 411, 414 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). To prevent the granting of summary judgment, appellant was required to establish failure of consideration by evidence that would be admissible upon the trial of the case. Tex.R.Civ.P. 166a(e); *Brownlee*, 665 S.W.2d at 112. This he failed to do.

I would affirm.

COHEN and O'CONNOR, JJ., also sitting.