Opinion issued May 30, 2003


















In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00526-CV

____________


EDWARD CROFTON, SALVADOR ACEVES, JR., individually and as next
friend of SALVADOR ACEVES, III and CARLOS ACEVES, minors, GLEN
ACORD, ENOLA ACORD, GLENDA ANTHONY, DAVID AINSTRUP, as
representative of THE ESTATE OF JACK AINSTRUP, DONNIE E.
AUSMUS, PAULINE AUSMUS, CHESTER A. BARGER, MARGARET A.
BARGER, MELISA BARROW, DEBORAH A. BEEBE, BETTY R.
BELCHER, ELSA L. BELVA, CHESTER BENNET, LAVERN D. BONIN,
CHARLES R. BOTTOMS, CLAUDE F. BRICK, MARIAN BRICK,
GEORGE BROWN, JR., GEORGE STEVEN BROWN, ALLIE M.
BUCHANAN, DEBORAH J. BUTLER, GENE K. BUTLER, JAMES
CHEVALIER, JEFF COCO, PAM COCO, THEMA COWART, individually
and as representative of THE ESTATE OF JAMES COWART, ROBERT M.
CROFT, SANDRA P. CROFT, HELEN CROFTON, LONNIE J.
DELESANDRI, individually and as representative of THE ESTATE OF
ETHEL DELESANDRI, DONNA L. DILDY, DICK DIPUCCIO, THOMAS
ANTHONY DISPENSA, ZINA ISAIS DISPENSA, individually and as next
friend of MATTHEW JOHN DISPENSA and KATHLEEN DISPENSA,
minors, SHIRLEY EUBANKS, CONNIE FEARRINGTON, JOHN R.
FEARRINGTON, MELVIN FUQUA, MARGARETTE GARRETT, SUSAN
GARRETT, as representative of THE ESTATE OF MARGIE GARRETT,
KATHY HANCOCK, ALLENE H. HASHA, individually and as
representative of THE ESTATE OF ODIS EUGENE HASHA, WILLIAM
HENSLER, PATSY HESTER HATCHETT, KATHLEEN HENSLER,
JERRY E. HOOPER, PAT RICCIO HOWARD, TROY J. KACHINSKI,
GAIL M. KELLY, MADELINE CAROL KERSHAW, BILL R. LAIRD,
GERALD LIVAS, AMBER K. LONG, individually and as next friend of
JENNIFER LONG, a minor, SHIRLEY A. MAHURIN, STEPHEN A.
MAHURIN, CHARLIE T. MAZOCH, SHERRY A. MAZOCH, TAMMY
MAZOCH, individually and as next friend of ALEXANDRIA L. MAZOCH, a
minor, TIMOTHY N. MAZOCH, JAMES McCONNAUGHEY, LORI
McKENZIE, JOHN McWILLIAMS, RUTHIE McWILLIAMS, BRUCE A.
MITCHELL, CINDY MITCHELL, individually and as next friend of
ANTHONY D. MITCHELL, a minor, ANTHONY T. MITCHELL, DAVID
W. MOLINA, PAIGE L. MOLINA, BOBBIE MONTGOMERY, DAVID G.
MONTGOMERY, WILLIAM T. MONTGOMERY, BONNIE MONYCH,
individually and as next friend of MALLORY MONYCH, a minor, STEFAN
E. MONYCH, JR., STEFANI MONYCH, RONNIE D. MORRISON,
PAMELA JOYCE MUNDY, THOMAS JAMES MUNDY, STEVEN L.
MUSACHIA, GINA A. OLIPHANT, ROBIN OTTO, VICTORIA A.
PARKER, individually and as next friend of CAROLYN PARKER and
PATRICK PARKER, minors, CHARLES PATTERSON, E.L. PATTERSON,
CHARLIE PAYSSE, TEMPLA PAYSSE, VIVIAN L. PAYSSE, HOWARD
POWELL, JOANN POWELL, ROBERT PRATT, DOROTHY RAU,
HARVEY A. RAU, JAMES M. RICCIO, individually and as next friend of
MICHAEL DREW RICCIO and CHRISTOPHER RYAN RICCIO, minors,
JAMES R. RICCIO, ARBRA ROBERTS, RICHARD P. SHAFFER, TERRY
SHANNON, AGNES C. SITKA, LEON SITKA, MATTHEW SITKA,
ELIGAH SMITH, CAROLYN SMITH, WILLIAM BROOKS SMITH,
individually and as next friend of WILLIAM BRANDON SMITH, a minor,
GRACE STEVENSON, JOHN W. STEVENSON, IRA L. STRICKLAND,
ANGELO L. TAMBURINE, GLADYS S. TAMBURINE, DONNIE
TISDALE, JODIE TISDALE, WENDY L. TREADWAY, C.F. URODA,
HELEN URODA, RAYMOND VAURA, DOUGLAS R. VAVRA, J.E.
WAGONER, individually and as representative of THE ESTATE OF
JOJANE WAGONER, PATRICIA M. WALTON, ANTHONY WEBER,
GERARDA WEBER, JODIE WILLIAMS, GENITA WILLIAMS, HENRY
LEE WILLIAMS, COY WILSON, JOHN WILSON, PATRICIA WILSON,
AND WILLIAM WILSON, Appellants


V.


AMOCO CHEMICAL COMPANY, AMOCO GAS COMPANY, AMOCO
OIL COMPANY, AMOCO PRODUCTION, COMPANY, MONSANTO
COMPANY, MARATHON PETROLEUM COMPANY, AND STATE
STREET BANK AND TRUST COMPANY OF MISSOURI, N.A., AS
SUCCESSOR TRUSTEE FOR THE MERCANTILE BANK ST. LOUIS,
N.A., TRUSTEE FOR THE MOTCO TRUST GROUP, Appellees






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 95CV1352-C






MEMORANDUM OPINION

 In this toxic tort lawsuit, appellants brought claims for recovery of personal
injury and property damages against appellees, Amoco Chemical Company, Amoco
Gas Company, Amoco Oil Company, Amoco Production Company, Monsanto
Company, Marathon Petroleum Company, and The Mercantile Bank St. Louis, N.A.,
as trustee for the MOTCO Trust Group and/or State Street Bank and Trust Company
of Missouri, N.A., as successor trustee. The trial court rendered a no-evidence
summary judgment in favor of appellees.

 In four issues, appellants contend that the trial court erred in (1) granting a no-evidence summary judgment on all of their claims, (2) granting appellees' motion to
strike the affidavit, report, and attached exhibits of one of appellants' expert
witnesses, (3) granting a no-evidence summary judgment on appellants' claims for
medical monitoring, and (4) denying appellants' motion for continuance.

 We affirm.

Facts and Procedural Background


 Appellants currently are, or have been, either residents of the Bayou Vista and
Omega Bay subdivisions and the Sun Flower Mobile Home Park or employees of
Central Freight Lines, all of which are located adjacent to, or in the vicinity of, the
MOTCO superfund site (the site) in La Marque, Texas. Appellants assert that
appellees occupied or used the property on which the site is located to dispose of
hazardous wastes into several uncovered, unlined, or inadequately lined storage pits
between 1959 and 1968.

 Appellants filed this lawsuit in December 1995, seeking recovery for personal
injury and property damages that they allege they sustained as a result of numerous
toxic chemicals emanating from the site. Appellants allege that, despite federal
cleanup efforts, substantial amounts of hazardous chemicals have continued to
migrate beyond the boundaries of the site, adversely affecting their physical health
and the value of their property. (1)

 In their petition, appellants asserted causes of action for statutory violations,
strict liability, negligence, gross negligence, public and private nuisance, trespass,
intentional infliction of emotional distress, medical monitoring, and fear of future
illness. Appellants also sought recovery of $80 million for their personal injuries, lost
wages, and medical expenses alleged to have been caused by exposure to toxic
chemicals emanating from the site, for the diminution and depreciation of the value
of their real property located near the site, and for exemplary damages.

 In 1998, the trial court granted a partial summary judgment in favor of
appellees, based on the expiration of the applicable statutes of limitations on
appellants' claims for public and private nuisance, nuisance per se, trespass, and "[a]ll
claims for property damages under any theory of recovery . . . except as to specific
injury to specific property occurring within two years of filing suit." This partial
summary judgment was subsequently severed and affirmed on appeal, leaving
appellants with their remaining claims for any property damage that occurred within
two years of the date the lawsuit was filed, as well as their personal injury claims. (2)

 In January 2000, the trial court signed a scheduling order requiring appellants
to designate and present all testifying expert witnesses for deposition by May 18,
2000. In June 2000, appellees filed a no-evidence motion for summary judgment
concerning appellants' remaining claims, arguing that, after adequate time for
discovery, appellants had failed to produce any evidence to support their claims.

 Appellees' no-evidence motion for summary judgment reads, in part, as
follows:

 1. [Appellants] have offered no evidence that any [appellant] has
been exposed to any specific exposure or dose level with respect
to any chemical;


 2. [Appellants] have offered no evidence that any specific
[appellant] has any specific illness or disease caused within a
reasonable degree of medical or scientific probability by exposure
to any specific chemicals located at or from the [site];


 3. [Appellants] have not offered nor cited to any epidemiological
study that shows that [appellants] in general or any specific
[appellant] has a substantially elevated risk of contracting any
specific disease in the future as a result of any alleged chemical
exposure from the [site], or any such study which demonstrates a
consistent and strong positive association between any specific
chemical at issue and the specific disease suffered by any specific
[appellant] at any specific dose;


 4. [Appellants] have offered no evidence or proof that any
[appellant] has been exposed to any dose level of any chemical
which has been demonstrated in epidemiological studies to cause
any specific disease alleged to be at issue;


 5. [Appellants] have offered no evidence negating any other
possible cause of any disease which any specific [appellant] has
alleged [sic] to have suffered;


 6. [Appellants] have offered no evidence regarding any specific
medical monitoring protocol that any specific [appellant] should
undergo or any evidence that any such medical monitoring
protocol is medically necessary for any specific [appellant];


 7. [Appellants] have offered no evidence regarding the cost of any
future medical monitoring;


 8. [Appellants] have offered no evidence of any past or future
medical costs sustained or to be sustained by any [appellant]
within a reasonable medical probability with respect to any injury
or illness alleged to have been caused by exposure to any
chemical at or from the [site];


 9. [Appellants] have offered no evidence that any real property of
any [appellant] suffered any specific damage or injury from the
[site] occurring within two years of filing suit . . .;


 10. [Appellants] have offered no evidence that any property of any
[appellant] has been damaged as a result of the [site]; and


 11. [Appellants] have offered no evidence that any chemical or other
substance from the [site] escaped or migrated from the [site] via
soil, ground water or surface water to [appellants'] property or
any other location at which [appellants] allege exposure.


 Appellants filed a response to appellees' motion for summary judgment and
attached affidavits from their expert witnesses and additional materials as summary
judgment evidence. In addition, appellants filed a motion for continuance, requesting
additional time to conduct further discovery.

 The trial court conducted a hearing on the no-evidence motion for summary
judgment on October 25, 2000 and subsequently gave appellants a 45-day extension
of time to file any supplemental responses and present any additional summary
judgment evidence from their disclosed experts. On February 1, 2001, the trial court
granted summary judgment in favor of appellees, finding "[n]o evidence of temporary
damages or specific incidents of injury to [appellants'] property." The trial court also
granted summary judgment in favor of appellees on the personal injury claims of all
but 11 of the appellants. (3) The trial court subsequently severed its no-evidence
summary judgment into this cause, rendering it final.

Appeal by Coy Wilson


 We initially address appellants' request to add Coy Wilson as an appellant in
this cause. Wilson was a plaintiff in the trial court and is a party to the trial court's
February 1, 2001 no-evidence summary judgment. Wilson's name was omitted from
appellants' original notice of appeal, filed May 1, 2001, and from appellants' first
amended notice of appeal, filed May 9, 2001.

 On September 13, 2001, appellants filed a second amended notice of appeal
seeking "to correct a clerical defect or omission" and add Coy Wilson as an appellant. 
See Tex. R. App. P. 25.1(f). In response, appellees filed a motion to strike the second
amended notice of appeal on the grounds that the addition of Wilson's name was
untimely.

 An amended notice of appeal is subject to being struck for cause on the motion
of any party affected by the amended notice. Id. Here, appellants' original notice of
appeal was filed timely and included all named appellants save Coy Wilson, while
appellants' second amended notice of appeal was filed well after the appellate
deadline for any additional parties to file a notice of appeal from the trial court's
judgment in this case. Although appellants' counsel has represented to this Court that
Coy Wilson's name was "inadvertently omitted or mistakenly omitted" from the
original notice of appeal, we do not consider this omission a "clerical defect"
susceptible to correction by amendment. Rather, appellants' second amended notice
of appeal was, in effect, Coy Wilson's first notice of appeal from the trial court's
judgment. As such, it was untimely filed.

 Accordingly, we have no jurisdiction over Coy Wilson's appeal, and we grant
appellees' motion to dismiss his appeal.

Exclusion of Summary Judgment Evidence


 In their second issue, appellants argue that the trial court erred in striking the
exhibits attached to the affidavit of William Forrest, appellants' expert witness on the
amount and quality of their property damages. We review the trial court's decision
to exclude summary judgment evidence for abuse of discretion. E.I. du Pont de
Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995).

 The trial court ordered appellants to present all testifying experts for deposition
by May 18, 2000. Appellants did not designate Forrest as an expert until after the
trial court's October 25, 2000 hearing on appellees' no-evidence motion for summary
judgment, and they did not provide appellees with an affidavit and market study
prepared by Forrest until December 11, 2000. The trial court subsequently struck
Forrest's affidavit and market study because of appellants' violation of the trial
court's previous order to disclose and present experts.

 Appellants concede that they presented Forrest's affidavit and attendant
exhibits well after the trial court had ordered appellants to designate and present their
expert witnesses, and appellants do not contest the trial court's decision to strike
Forrest's affidavit. Instead, without citation to any specific portions of the
voluminous record or any relevant case law, appellants argue that the trial court erred
in striking the exhibits attached to Forrest's affidavit because the exhibits contained
"publicly available records and facts contained in those records." Appellants do not
explain what portions of the volumes of exhibits attached to Forrest's affidavit were
admissible as "publicly available records" or why.

 Here, in the absence of any testimony explaining the nature of the exhibits and
the source and relevance of the information compiled and contained therein, there was
no basis for the trial court to consider such evidence. Accordingly, we hold that the
trial court did not abuse its discretion in striking the exhibits attached to Forrest's
affidavit.

 We overrule appellants' second issue.

No-Evidence Summary Judgment


 In their first issue, appellants argue that the trial court erred in rendering a no-evidence summary judgment against them because they presented sufficient summary
judgment evidence to raise a material fact question on their claims for personal
injuries and property damage.

 To prevail on a no-evidence summary judgment motion, a movant must allege
that there is no evidence of an essential element of the adverse party's claim. Tex.
R. Civ. P. 166a(i); Southwestern Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp., 994 S.W.2d
830, 834 (Tex. App.--Houston [1st Dist.] 1999, no pet.). Although the non-moving
party is not required to marshal its proof, it must present evidence that raises a
genuine fact issue on each of the challenged elements. Tex. R. Civ. P. 166a(i). A
no-evidence summary judgment may not be properly granted if the non-movant
brings forth more than a scintilla of evidence to raise a genuine issue of material fact. 
Id. When reviewing a summary judgment, we take as true all evidence favorable to
the non-movant, and we indulge every reasonable inference and resolve any doubts
in the non-movant's favor. Grant, 73 S.W.3d at 215.

 The trial court found that all but the 11 specific appellants named in its
summary judgment had failed to present competent summary judgment evidence
sufficient to raise a material fact issue concerning their claims for personal injuries. 
After reviewing the summary judgment record presented, we agree.

 Appellants presented affidavit and deposition testimony from four expert
witnesses: Dr. Arch Carson; K. C. Donnelly, Ph.D.; Jack V. Matson, Ph.D.; and
Colin J. Baynes, Ph.D.

 Dr. Carson, a medical doctor board certified in the combined fields of
preventive medicine and occupational medicine, is a practicing physician and
professor at the University of Texas Medical School of Public Health. Dr. Carson
reviewed summaries of appellants' medical records and, in his December 10, 2000
affidavit, testified, in part, as follows:

 The illnesses diagnosed in the plaintiffs . . . correspond well to potential
risks from exposure to the chemicals present over the years in the Motco
pits. . . . I must conclude, based on the scientific and medical evidence
available to me, that emissions from the Motco pits over the years have
caused a wide variety of disease and injury in nearby inhabitants.


The record does not reflect which, if any, of the appellants were examined by Dr.
Carson. Although Dr. Carson testified generally that exposure to chemicals from the
site "caused a wide variety of disease and injury," he did not present any expert
opinion concerning the occurrence of any particular illness in any individual appellant
as having been caused by exposure to specific chemicals present at or emitted from
the site.

 Donnelly, a toxicologist, testified in his December 10, 2000 affidavit, in part,
as follows:

 The employees of Central Freight Lines located immediately to the
south and east of the MOTCO site, the residents of the Sunflower Trailer
Park located adjacent to the MOTCO site, and to a lesser extent,
residents of Omega Bay and Bayou Vista, were exposed to a mixture of
chemicals released from the MOTCO site. This mixture of chemicals
included agents that are capable of irritation, as well as chemicals
known to initiate . . . and promote . . . the carcinogenic process.


Donnelly did not offer any expert opinion as to whether any of the individual
appellants' exposure to the chemicals from the site caused them to suffer any specific
illness.

 Matson, an environmental engineer, offered expert opinion testimony and
calculations concerning the concentration levels and emission rates of various
chemicals present in the pits at the site. However, Matson did not offer any expert
opinion concerning whether any individual appellant was actually exposed to the
chemicals present at the site or whether any such exposure caused them to suffer any
specific illness.

 Baynes, an engineer, offered expert opinion testimony concerning dispersion
modeling calculations that he performed to estimate airborne concentrations of
chemicals from the site over appellants' residences. Baynes testified that certain
chemicals from the site were "present in the ambient air in the community" and were
"deposited in the ground in the community." However, Baynes offered no expert
opinion as to whether any individual appellant was actually exposed to the chemicals
present at the site or whether such exposure caused them to suffer any specific illness. None of the expert opinion testimony offered by appellants raised a fact
question as to whether the presumed exposure of individual appellants to chemicals
present at the site caused the occurrence of any specific illness or injury. Here, the
record indicates that all but 11 of the appellants presented no competent summary
judgment evidence sufficient to raise a material fact issue on their claims for personal
injuries resulting from their alleged exposure to chemicals emanating from the site. 
Therefore, the trial court properly granted appellees' no-evidence motion for
summary judgment on such claims.

 With regard to their claims for property damages, appellants presented no
competent summary judgment evidence to the trial court supporting their claims for
such damages. As noted above, the only summary judgment testimony and evidence
relevant to appellants' property damage claims were properly excluded by the trial
court.

 Accordingly, we hold that the trial court did not err in granting its no-evidence
summary judgment in favor of appellees on the personal injury and property damage
claims presented by the specific appellants as noted in the trial court's February 1,
2001 judgment.

 We overrule appellant's first issue.

Medical Monitoring Claims


 In their third issue, appellants argue that the trial court erred in granting
summary judgment against them on their claims for medical monitoring and fear of
future illness because appellees "did not challenge these claims" in the no-evidence
motion for summary judgment.

 The record indicates that appellants' assertion that appellees "did not
challenge" appellants' claims for medical monitoring is incorrect. As noted above,
the enumerated grounds as set forth by appellees in their no-evidence motion for
summary judgment included the argument that "[Appellants] have offered no
evidence regarding any specific medical monitoring protocol that any specific
[appellant] should undergo or any evidence that any such medical monitoring
protocol is medically necessary for any specific [appellant]." Appellants refer us to
no such evidence in the record, and we have found none.

 Further, because we have held that the trial court did not err in granting
summary judgment against appellants on their claims for personal injuries, we hold
that the trial court did not err in granting summary judgment on these claims as well.

 We overrule appellants' third issue.

Motion for Continuance


 In their fourth issue, appellants contend that the trial court erred in denying
their motion for continuance to gather additional summary judgment evidence.

 We review the trial court's decision to deny a motion for continuance for abuse
of discretion. State v. Crank, 666 S.W.2d 91, 94 (Tex. 1984); Verkin v. Southwest
Ctr. One, Ltd., 784 S.W.2d 92, 94 (Tex. App.--Houston [1st Dist.] 1989, writ
denied). A trial court abuses its discretion when it acts without reference to any
guiding legal rules or principles or misapplies the law to the established facts of the
case. Dyson Desendant Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 950 (Tex.
App.--Houston [1st Dist.] 1993, no writ). As the Texas Supreme Court has noted,
"[t]he mere fact that a trial judge may decide a matter within his discretionary
authority in a different manner than an appellate judge in a similar circumstance does
not demonstrate that an abuse of discretion has occurred." Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985).

 Appellants argue that additional time for discovery was needed to allow them
to (1) secure a database of meteorological data for the site from 1991 to 1994, (2)
access and review analytical data from the Environmental Protection Agency
regarding the site, (3) obtain full reports from or depose appellees' designated
experts, and (4) depose representatives or employees of appellees regarding the
investigation and remediation of the site.

 However, appellants have offered no explanation concerning how such
additional evidence would have assisted them in raising a material fact question
concerning their individual claims for personal injuries. Moreover, in its February
1, 2001 no-evidence summary judgment, the trial court specifically noted that
appellants had "more than adequate opportunity to conduct discovery" because: (1)
the case had been "active" since December 12, 1995; (2) the trial court had set a May
18, 2000 deadline for appellants to present their expert witnesses; (3) appellees filed
their no-evidence motion for summary judgment on June 20, 2000; (4) no hearing was
held on the motion until October 25, 2000; and (5) after the hearing, the trial court
gave appellants an additional 45 days to file any supplemental summary judgment
responses.

 Based on the record presented, we agree with the trial court that appellants had
"more than adequate opportunity to conduct discovery." Accordingly, we hold that
the trial court did not abuse its discretion in denying appellants' motion for
continuance.

 We overrule appellants' fourth issue.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.
1. In 1999, a settlement agreement was reached between all but a handful of
appellants herein and several other entities originally named as defendants in
the trial court below. See Crofton v. Occidental Chem. Corp., No. 14-98-00808-CV (Tex. App.--Houston [14th Dist.] July 15, 1999, no pet.) (not
designated for publication).
2. See Crofton v. Amoco Chem. Co., No. 14-98-01412-CV (Tex. App.--Houston
[14th Dist.] Dec. 9, 1999, pet. denied) (not designated for publication).
3. Appellants whose personal injury claims survived summary judgment are:
Claude Brick, George Brown, Jr., Helen Crofton, Connie Fearrington, William
Hensler, Shirley Mahurin, Ruthie McWilliams, Anthony Mitchell, Gladys
Tamburine, Raymond Vaura, and John Wilson. These appellants appeal solely
from the trial court's rendition of summary judgment on their claims for
property damage.