Opinion Issued April 3, 2008













Opinion Issued April 3, 2008

 

 

 

 

 













 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-00161-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KEITH W. SCHMIDT, Appellant

 

V.

 

PATSY BELL, V.P. and BELL & ROBB ELECTRIC CO.,
Appellee

 

 



On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 826522

 








 



MEMORANDUM OPINION

          Appellant Keith Schmidt, in his sole
issue, contends that the trial court abused its discretion by refusing to grant
a longer continuance to prepare for a summary judgment hearing.  The trial court granted summary judgment to
Appellees Patsy Bell and Bell & Robb Electric Company.  We affirm.[1]

Background

          Schmidt sued Bell
and Bell & Robb Electric Company in justice court for failure to fully
compensate him for services in the amount of $4,940 that he allegedly performed
under an oral employment contract.[2]  The justice court granted summary judgment
against Schmidt.  Schmidt appealed the
decision to county civil court.

          Appellees filed a motion for summary
judgment on September 13, 2005.  The
trial court initially set the motion for a hearing for October 13.  On October 12, Schmidt moved for a
continuance, based in part upon the city of Houston’s
evacuation during Hurricane Rita.  The
trial court granted Schmidt’s motion for continuance, extending the deadline
for Schmidt to respond to the summary judgment motion to October 17, and
resetting the hearing for October 24. 
Appellees moved to strike Schmidt’s response.  The trial court granted the motion to strike,
and granted summary judgment against Schmidt on October 24.

Analysis

          Schmidt contends that the trial court
abused its discretion by not granting a longer continuance.  When a party contends that it has not had sufficient
opportunity for discovery
before a summary
judgment
hearing, it must file either an affidavit explaining the need for further discovery or a
verified motion
for continuance.
 Tenneco Inc. v. Enter. Prods. Co.,
925 S.W.2d 640, 647 (Tex. 1996); see Tex. R. Civ. P. 166a(g), 251, 252. “The
affidavit or motion
must describe the evidence sought, state with particularity the diligence used
to obtain the evidence, and explain why the continuance is necessary.”  Sneed
v. Cryolife, Inc., No. 01-05-00425-CV, 2006 WL 1653653, at *2 (Tex. App.—Houston [1st
Dist.] Jun. 15, 2006, pet. denied) (mem op.) (citing Rocha v. Faltys, 69
S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.)).

A trial
court has broad discretion to decide whether to grant a continuance until
the requested discovery
is completed.  Levinthal v.
Kelsey-Seybold Clinic, P.A.,
902 S.W.2d 508, 510 (Tex. App.—Houston [1st Dist.] 1994, no writ).  We will not disturb the trial court’s granting
or denial of a motion
for continuance
absent a clear abuse of discretion.  See BMC
Software Belgium, N.V. v. Marchand, 83
S.W. 3d 789, 800 (Tex. 2002); Villegas v.
Carter, 711 S.W.2d 624, 626
(Tex. 1986); Verkin v. Southwest Ctr. One,
Ltd., 784 S.W.2d 92, 94
(Tex. App.—Houston [1st Dist.] 1989, writ denied).  A trial court “abuses its discretion when it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law.” Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

Schmidt
had one-month’s notice of the summary judgment hearing, after which the trial
court granted him an additional eleven days to prepare for the hearing.  Schmidt does not explain how additional time
would have helped him overcome summary judgment, nor does he point to any
evidence in the record to support that conclusion.  In addition, Schmidt did not request
additional time prior to the hearing.  We
hold that the trial court did not abuse its discretion when it continued the
hearing for eleven days.

 

 

 

 

Conclusion

We
affirm the trial court’s judgment.

 

 

                                                          

Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.

 











[1]           Appellees
contest our jurisdiction due to Schmidt’s failure to timely file his notice of
appeal.  Although the notice of appeal
was untimely filed, it was filed within the 15-day period in which parties may
file a motion to extend time to file a notice of appeal. Tex. R. App. P. 26.3.  Accordingly, we imply a motion to extend time
to file the notice of appeal if Schmidt provides a reasonable explanation for
the delay. See Verburgt v. Dorner,
959 S.W.2d 615, 617 (Tex. 1997).  Upon notice of the
jurisdictional defect, Schmidt filed a reasonable explanation for the late
filing of the notice of appeal, which we accepted. See Jones v. City of Houston, 976 S.W.2d 676, 677 (Tex. 1998). Therefore, we have jurisdiction
over this appeal.

 





[2]           The
limited record before us on review provides only the final summary judgment
record.  The parties, however, do not
dispute the facts of this case, and we recite them as stated in the parties’
briefs.