# NO. 12-17-00205-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GABRIELLA ROBERTS,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *MISTI MONTALVO, INDIVIDUALLY,*<br>*AS SUBSTITUTE TRUSTEE, AND AS*<br>*FIDUCIARY,* | | |
| *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Gabriella Roberts appeals from an adverse summary judgment rendered in favor of Misti Montalvo, individually, as substitute trustee, and as fiduciary in Roberts's suit for wrongful foreclosure and breach of fiduciary duty. Roberts raises three issues on appeal. We affirm.

### BACKGROUND

To purchase a home, Roberts executed a promissory note in the amount of $112,300, secured by a deed of trust granting a lien against certain real property. CitiMortgage, Inc. (CMI) was the successor mortgagee and mortgage servicer. Because Roberts failed to make payments on the loan, CMI appointed Montalvo to act as substitute trustee of the deed of trust and authorized her to conduct a non-judicial foreclosure sale. CMI purchased the property at the foreclosure sale.

In federal court, Roberts sued CMI for wrongful foreclosure. That suit was dismissed with prejudice. Later, Roberts filed this suit against Montalvo in district court in Angelina County. Roberts alleged breach of fiduciary duty and four counts of wrongful foreclosure. CMI intervened. Montalvo's motion for summary judgment was granted as to the breach of fiduciary duty cause of action and three counts of the wrongful foreclosure cause of action.

CMI filed a no evidence motion for summary judgment addressing the remaining wrongful foreclosure claim, that the sale was wrongful because it was conducted at the wrong location. It argued that Roberts has no evidence of the elements of wrongful foreclosure, an alleged procedural defect in the proceedings, a grossly inadequate selling price, or a causal link between the two. CMI also filed a motion for a traditional summary judgment asserting that Roberts's claim is barred by res judicata due to the prior federal court action, and the claim fails on its merits. Without stating a basis for its ruling, the trial court granted both motions and ordered that Roberts take nothing on each of her remaining claims against CMI and Montalvo.

## MOTION FOR CONTINUANCE

Roberts's first issue is as follows: "Did the trial courts wrongfully allow the third party to set in on case due for trial and label the actual hearing *Motion for Continuance* when it was a Hearing *for Jury Trial (Selection)?*" Roberts complains that she was deprived of a jury trial. We construe her issue as a complaint that the trial court abused its discretion by granting CMI's motion for continuance.

### Applicable Law

We review the trial court's ruling on a continuance motion under an abuse of discretion standard. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id*. A trial court has the inherent power to control the disposition of cases on its docket. *See In re C-Span Entm't, Inc.*, 162 S.W.3d 422, 429 (Tex. App.—Dallas 2005, orig. proceeding). When a motion for continuance is in substantial compliance with rule of civil procedure 251, verified, and uncontroverted, the trial court must accept the statements in the motion as true. *Verkin v. Sw. Ctr. One, Ltd.*, 784 S.W.2d 92, 94 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

### Analysis

The cause against Montalvo was set for a jury trial on April 3, 2017 to try the sole remaining issue, whether the sale was held at the wrong venue. CMI filed its motion to intervene and a verified motion for continuance of trial on March 2, 2017. In the motion, CMI stated that it purchased the property at issue at a non-judicial foreclosure sale which Roberts unsuccessfully challenged in federal court. The federal district court dismissed Roberts's claims against CMI

2

with prejudice. Although Roberts seeks to deprive CMI of its interest in the property, Roberts sued Montalvo, the substitute trustee. CMI asserted the need for additional time to prepare and file a dispositive motion addressing the preclusive effect of the federal judgment in favor of CMI, and, if that motion is denied, to conduct discovery. At the March 27 pretrial hearing, counsel for CMI explained that he believed the case could be resolved by summary judgment as a matter of law, dispensing with the need for a jury trial. He argued that CMI intended to prove that Roberts cannot recover because the prior lawsuit is res judicata. The court granted the motion but gave CMI only until April 7 to file its motion for summary judgment.

Roberts argued that CMI never owned the loan because CMI does not have a formal assignment and transfer of the lien or a promissory note with a proper endorsement. She relied on an affidavit of CMI's vice president in which he stated that the assignment of mortgage from the original lender was lost and never recorded. However, he also stated that he is the holder, owner and/or servicer of the loan at issue. Thus, Roberts's evidence confirmed rather than disputed CMI's ownership. While Roberts maintained that the foreclosure was procedurally tainted, the operative facts in the verified motion for continuance were uncontroverted. It is undisputed that CMI purchased the property at the foreclosure sale and that Roberts unsuccessfully sued CMI in federal court. The request for the continuance was based on CMI's assertion that the court could likely dispose of the suit without a jury. We conclude that the trial court did not abuse its discretion in granting CMI's motion for continuance. *See id*. We overrule Roberts's first issue.

### RES JUDICATA

Roberts's second issue is as follows: "Is the CitiMortgage, Inc. a party 'in privity' to the case or vice versa with Misti Montalvo being a party 'in privity' to the Federal case. Due to res judicata?" We construe this as a contention that the trial court erred in granting summary judgment because the elements of res judicata have not been met. She argues that this case presents different causes of action than the federal case, the federal decision was not on the merits, Montalvo was not a party to the federal case, and the federal case was not litigated.

In its traditional motion for summary judgment, CMI asserted that Roberts's claims are barred by res judicata, her wrongful foreclosure claim fails as a matter of law because she cannot prove an inadequate sales price that was caused by a procedural defect, and she is not entitled to

3

any remedy because she remains in possession of the property and has never tendered the amount owed on the loan. Further, CMI also filed a no evidence motion for summary judgment in which it asserted that there is no evidence of any of the elements of wrongful foreclosure.

The trial court sent a letter to the parties explaining, ". . . I find that Defendant, Montalvo, is a party 'in privity' with the parties to the Federal Court case whereby the doctrine of res judicata forbids this action." The court's summary judgment, dated the same date as the letter, was attached. The order of summary judgment grants both the no evidence and traditional motions, but does not state the ground on which the court granted the motions.

Findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (per curiam). Further, a letter is not the proper method for a trial court to apprise the parties of the grounds or reasons for the trial court's summary judgment rulings. *Mattox v. Cty. Comm'rs Court*, 389 S.W.3d 464, 469 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Therefore, we do not consider the trial court's letter for any purpose. When a summary judgment motion alleges multiple grounds and the order granting summary judgment does not specify the ground on which the summary judgment was rendered, the appellant must challenge and negate all summary judgment grounds on appeal. *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2002, no pet.). If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed. *Id*. at 682.

Roberts did not challenge any ground for summary judgment other than res judicata. Because the trial court's judgment may be affirmed on the other grounds CMI raised in its motions, we overrule Roberts's second issue.

## MOTION TO QUASH

Roberts's third issue is as follows: "Does County Court at Law No. 1 have jurisdiction due to subject matter to lift abatement to set for trial or detainer listed in docket statement of appeal?" This issue appears to complain that the trial court erred in failing to grant Roberts's motion to quash the forcible detainer action against her that was pending in the County Court at Law No. 1 of Angelina County. In her motion, her entire argument was: "Forcible Detainer is not valid or legal due to wrongful foreclosure."

4

The procedure to determine the right to immediate possession of real property, if there was no unlawful entry, is the action of forcible detainer. ***Rice v. Pinney***, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). A justice court in the precinct in which the real property is located has jurisdiction in eviction suits. TEX. PROP. CODE ANN. § 24.004(a) (West 2014). Appeal by the aggrieved party is de novo in the county court. TEX. R. CIV. P. 510.10. The displaced party is entitled to bring a separate suit in the district court to determine the question of title. ***Rice***, 51 S.W.3d at 709. The legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively. *Id*. at 710. Where the right to immediate possession necessarily requires resolution of a title dispute, the justice and county courts have no jurisdiction to enter a judgment and may be enjoined from doing so. *Id*. at 709. However, where there is an independent basis on which the justice or county court could determine the issue of immediate possession without resolving the issue of title, that court retains jurisdiction. *Id*. at 712.

Here, the record shows an independent basis for the determination of the issue of possession. The deed of trust provides that if the property is sold, Roberts shall immediately surrender possession of the property to the purchaser at the sale. Further, pursuant to the terms of the deed of trust, if possession is not surrendered, Roberts shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding. This landlord-tenant relationship provided an independent basis on which the county court could determine the issue of immediate possession without resolving the issue of title to the property. *Id*. Therefore, the trial court did not abuse its discretion in failing to grant Roberts's motion to quash. We overrule Roberts's third issue.

## DISPOSITION

Having overruled each of Roberts's three issues, we ***affirm*** the trial court's judgment.

GREG NEELEY
Justice

Opinion delivered June 29, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 29, 2018

NO. 12-17-00205-CV

**GABRIELLA ROBERTS,**
Appellant
V.
**MISTI MONTALVO, INDIVIDUALLY, AS SUBSTITUTE TRUSTEE,
AND AS FIDUCIARY,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. CV-03191-14-05)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*